### 17551

Grace Sanders Tant BELL, Administratrix of the Estate of Earl E. Tant, and Zurich General Accident & Liability Insurance Company, Appellants, v. SOUTH CAROLINA ELECTRIC & GAS COMPANY and Southern Bell Telephone & Telegraph Company, of which the South Carolina Electric & Gas Company is Respondent.

(109 S. E. (2d) 441)

*Messrs. Bailey & Buckley,* of Charleston, *for Appellants,*

*Messrs. Hagood, Rivers & Young, G. L. B. Rivers* and *A. Baron Holmes, III,* of Charleston, *for Respondent, South Carolina Electric & Gas Co.,*

The order of Judge Martin, requested to be reported, follows:

This matter came on to be heard before me as Presiding Judge of the Court of Common Pleas for Charleston County on April 25, 1957, on the demurrer filed by the defendant, South Carolina Electric & Gas Company. The matter was fully argued before me by counsel for plaintiff and said defendant and briefs were submitted and the matter taken under advisement.

It appears from the complaint that plaintiff's intestate was employed by Midland Construction Company and during the course of his employment climbed a pole to remove power and transmission lines which belonged to the defendant Power Company, and the pole fell and plaintiff's intestate suffered fatal injuries. The poles were owned by the defendant Telephone Company, which had erected a new line of poles and had transferred its lines thereto. The defendant Power Company's power and transmission lines were being transferred to the new line of poles at the time mentioned in the complaint. There was some agreement between the Power Company and the Telephone Company giving the Power Company the right to locate its power and transmission lines on the poles. The defendant Power Company requested the Midland Construction Company to undertake the work for removal and relocation of said lines from the old poles to the new poles.

The complaint also shows that the plaintiff, Zurich General Accident & Liability Insurance Company, was the compensation carrier for Midland Construction Company under the South Carolina Workmen's Compensation Act, Code 1952, § 72-1 *et seq.,* and paid workmen's compensation death benefits to the plaintiff. The plaintiff sues on behalf of herself as widow and for the benefit for the plaintiff Insurance Company, as subrogee.

The defendant Power Company demurred to the complaint on the grounds: (1) (a) That plaintiff's intestate was an employee of Midland Construction Company which Com-

pany undertook to do the work which was a part of the trade, business or occupation of the Power Company and that the plaintiff Insurance Company was the carrier for the construction company and paid death benefits under the Workmen's Compensation Law for the death of plaintiff's intestate and that plaintiff's intestate was a statutory employee of the defendant Power Company. (b) That the defendant Power Company, as owner, undertook to perform and execute work which is a part of its trade, business and occupation and contracted with the Construction Company for the execution or performance of the work and that plaintiff's intestate as an employee of the contractor, the Construction Company, was à statutory employee of the defendant Power Company, under Section 7035, Subsection 22 of the Code of 1942 (Section 72-111 of the Code of 1952) and that plaintiff's intestate has no cause of action against the defendant Power Company; and (2) that the Court has no jurisdiction over the cause of action set forth in the complaint by reason of the fact that plaintiff's sole remedy is under the South Carolina Workmen's Compensation Law and plaintiff elected her remedy under the said law and effected a recovery thereunder and is barred from bringing this action at law against the defendant Power Company.

It appears that the sole question in this case under the demurrer is whether or not this action at common law may be brought against the defendant Power Company or whether plaintiff's sole remedy is exclusively under the Workmen's Compensation Law; or, stated differently, whether or not plaintiff's intestate was a statutory employee of the defendant Power Company, and the sole remedy for his death is under the South Carolina Workmen's Compensation Law.

The defendant Power Company is a public utility engaged in the manufacture and transmission of electricity and uses poles and wires in its business and the repair and maintenance of such poles and wires or the transferring of such from one set of poles to another are part of its business,

trade and occupation. Under the Workmen's Compensation Law, the defendant Power Company is termed the owner or statutory employer, the Midland Construction Company is termed the contractor, and plaintiff's intestate was its employee and that the defendant Power Company contracted with the Construction Company to do its work which was a part of its trade, business and occupation with the contractor who employed plaintiff's intestate in performing its work. The plaintiff, as widow, recovered full benefits under the Workmen's Compensation Act for the death of her intestate against the contractor, as employer, and plaintiff Insurance Company, as carrier.

Plaintiff's intestate's death occurred on January 29, 1947. The pertinent Sections of the Code of 1942 with the corresponding Sections of the Code of 1952 which are pertinent to this matter are as follows:

1942 Code, Section 7035-2 (72-12) Employer.

1942 Code, Section 7035-2(a) (72-13) Employment.

1942 Code, Section 7035-2 (72-14) Injury and personal injury.

1942 Code, Section 7035-22 (72-111) Liability of Owner to Workmen of Subcontractor.

1942 Code, Section 7035-22 (72-114) Construction when proceedings are against owner or contractor.

1942 Code, Section 7035-22 (72-115) Indemnity of principal from Subcontractor.

1942 Code, Section 7035-22 (72-116) Workmen may recover from subcontractor.

1942 Code, Section 7035-6 (72-117) Contracts subject to Title.

1942 Code, Section 7035-11 (72-121) Employee's right under Title excludes all others against employer.

1942 Code, Section 7035-11 (72-122) Rights against third parties prior to award.

1942 Code, Section 7035-11 (72-123) Only one remedy available.

1942 Code, Section 7035-10 (72-401) Employer to secure payment of Compensation; extent of liability.

The leading case on this subject in South Carolina ■■ is the case of *Marchbanks v. Duke Power Company,* 190 S. C. 336, 2 S. E. (2d) 825, which case interpreted Section 19 of the original Compensation Act of 1935 and which was subsequently codified as Section 7035-22 of the Code of 1942 and Section 72-111 through Section 72-128 of the Code of 1952. This was a case where the employer who was injured claimed that he was employed by an independent contractor and not under the Compensation Act and brought a common-law action against the owner, the Power Company, and the Court held that the sole remedy was under the Workmen's Compensation Act and dismissed the complaint. In the instant case, the defendant Power Company is claiming it is the statutory employer of plaintiff's intestate and that plaintiff is barred from bringing this action by reason of having recovered under the Workmen's Compensation Act and that this was her sole and exclusive remedy. If Midland Construction Company under the facts alleged in the complaint had not been covered by Workmen's Compensation through its insurance carrier then the plaintiff's sole remedy would have been under the Workmen's Compensation Act against the defendant Power Company as statutory employer, and upon recovery, the defendant Power Company as statutory employer would have been entitled to indemnity against the construction company. The plaintiff having collected from the contractor or construction company doing the work for the owner, the defendant Power Company, which was part of its business, trade or occupation, is barred from bringing a common-law action against the statutory employer and the plaintiff cannot recover from both and recovery under the Compensation Act bars a recovery or action at common law. See also the cases of *Boseman v. Pacific Mills,* 193 S. C. 479, 8 S. E. (2d) 878; *Kennerly v. Ocmulgee Lumber Co.,* 206 S. C. 481, 34 S. E. (2d) 793; *Smith v. Fulmer,* 198 S. C. 91, 15 S. E. (2d) 681;

*Miles v. West Virginia Pulp & Paper Co.,* 212 S. C. 424, 48 S. E. (2d) 26; *Younginer v. J. A. Jones Construction Co.,* 215 S. C. 135, 54 S. E. (2d) 545; *Benbow v. Edmunds High School,* 220 S. C. 363, 67 S. E. (2d) 680; *Nolan v. Daley,* 222 S. C. 407, 73 S. E. (2d) 449; *Adams v. Davison Paxon Co.,* 230 S. C. 532, 96 S. E. (2d) 566. The above cases thoroughly review and affirm the *Marchbanks case* and in my opinion are determinative of the question involved in this case under the complaint of the plaintiff and the demurrer of the defendant, Power Company.

In view of the above, it is not necessary that I pass on the defendant Power Company's motion to implead Midland Construction Company, the employer of plaintiff's intestate.

It is therefore ordered that the demurrer of the defendant, South Carolina Electric & Gas Company, is hereby sustained.

July 7, 1959.

PER CURIAM.

The order of Honorable J. Robert Martin, Jr., has been carefully considered in the light of the record and the exceptions, and we find no error.

Let the order be reported as the judgment of this Court.