275 S.C. 65 (1980)
267 S.E.2d 524
Carol Ann PARKER and Diane L. Logan, Co-Administrators of the Estate of Donnie Edward Parker, Appellants-Respondents,
v.
WILLIAMS AND MADJANIK, INC., Appellant, and J.M. Ford, James P. Reinbolt, James L. Williams, Donald Madjanik, William A. Dolan and George E. Darmstatter d/b/a, Island Properties, Respondents, and Ansley and Sutton's Construction Company.
21236
Supreme Court of South Carolina.
May 20, 1980.
*66 *67 Thomas Dewey Wise, of Wise & Cole, Charleston, for appellant.
Joseph R. Young, of Young, Clement & Rivers, Charleston, for respondent Reinbolt.
Wade H. Logan, III, of Holmes, Thompson, Logan & Cantrell, Charleston, for respondents Williams, et al.
Joel D. Bailey, of Moss, Carter, Branton & Bailey, Beaufort.
John E. Parker, of Murdaugh, Peters, Parker & Eltzroth, Hampton, for appellants-respondents.
Samuel F. Painter, of Nexsen, Pruet, Jacobs & Pollard, Columbia, for S.C. Self-Insurers Association, amicus curiae.
Douglas McKay, Jr., of McKay, Sherrill, Walker & Townsend, Columbia, for S.C. Chamber of Commerce, amicus curiae.
Stephen G. Morrison, of Nelson, Mullins, Grier & Scarborough, Columbia, for S.C. Defense Attys. Ass'n, amicus curiae.
May 20, 1980.
LITTLEJOHN, Justice:
Donnie Edward Parker was fatally injured while working on a construction job on January 1, 1974. The realty on which he was working was owned by a partnership doing business as Island Properties, which consisted of James L. Williams, Donald Madjanik, William A. Dolan and George E. Darmstatter. Island Properties intended to construct a mini-warehouse facility on the property and hired Williams & Madjanik, Inc., an Ohio company, as general contractor for the project. As the name implies, Williams & Madjanik, *68 Inc. was owned by two of the partners of Island Properties. The general contractor hired a company called Yetter Homes, Inc. to erect a roof on the warehouse where the death occurred. Yetter Homes, Inc. then subcontracted the actual installation of the wood trusses and roof to an individual named J.M. Ford. The decedent, Parker, was hired by Ford to work on this project. Parker was killed when a crane lowered a stack of plywood onto the wood trusses which collapsed, pulling in a concrete wall.
Parker's wife and children filed a claim for Workmen's Compensation death benefits against both Yetter Homes, Inc. and Williams & Madjanik, Inc., as employers. The South Carolina Industrial Commission found that Parker was employed by Yetter Homes, Inc. and awarded compensation of approximately $25,000.00 to his wife and children. Yetter Homes, Inc., as employer, was found to be liable for these payments.
The action currently on appeal is a wrongful death tort action brought by the co-administratrices of Parker's estate against (1) Island Properties, (2) Williams & Madjanik, Inc., (3) J.M. Ford, (4) two architects, and (5) Ansley and Sutton Construction Company, the company which supplied the crane and crane operator. This case has been before this court on two previous occasions. See Parker v. Madjanik, Inc., 270 S.C. 570, 243 S.E. (2d) 451 (1978), and Parker v. Madjanik, Inc., 269 S.C. 662, 239 S.E. (2d) 487 (1977).
After a lengthy trial, the jury returned a verdict of $90,000.00 in actual damages, against only Williams & Madjanik, Inc., exonerating all other defendants. Both the plaintiffs and Williams & Madjanik, Inc. have appealed. The plaintiffs assert that the trial judge erred in certain evidentiary rulings and in his charge to the jury.[1] Williams & *69 Madjanik, Inc. contends that the suit was barred as a matter of law. Prior to oral arguments before us, settlements were reached between certain of the parties, leaving Island Properties as the sole defendant-respondent. We reverse the judgment as to Williams & Madjanik, Inc. and affirm as to Island Properties, holding that as to both these parties our Workmen's Compensation Law provided the exclusive remedy for the decedent's death, which remedy has been supplied.
At the proper stages of the pretrial and trial process, Williams and Madjanik, Inc. and Island Properties made motions for summary judgment, nonsuit and directed verdict, based upon the theory that under § 42-1-540, Code of Laws of South Carolina (1976), the Workmen's Compensation Law provides the exclusive remedy available to the employee. After verdict, the general contractor renewed its motion by asking for a judgment notwithstanding the verdict. The trial judge erred when he refused the motions.
Prior to the enactment of our Workmen's Compensation Law, an employee who sustained a work related injury had no choice but to look to the courts for compensation. The common law was usually unsatisfactory since the employer could assert the defenses of assumption of risk, contributory negligence, and the fellow-servant rule, among others. Injured employees generally received little or no compensation because at least one defense was usually applicable. Gradually society recognized the need for a comprehensive approach to provide adequate compensation for injured employees. This court has previously recognized the foundation of our concept of workmen's compensation.
"The American concept of workmen's compensation is founded upon recognition of the advisability, from the standpoint of society as well as of employer and employee, of discarding the common law idea of tort liability in the employer-employee relationship and of substituting therefor the principle *70 of liability on the part of the employer, regardless of fault, to compensate the employee, in predetermined amounts based upon his wages, for loss of earnings resulting from accidental injury arising out of and in the course of the employment...." Case v. Hermitage Cotton Mills, 236 S.C. 515 115 S.E. (2d) 57 (1960).
The South Carolina Workmen's Compensation Law, § 42-1-10, et seq., created a comprehensive approach to provide compensation for employees injured by accidents arising out of and in the course of their employment. The employee receives the right to swift and sure compensation; the employer receives immunity from tort actions by the employee. This quid pro quo approach to workmen's compensation has worked to the advantage of society as well as the employee and employer.
An examination of our Workmen's Compensation Law, our case law, and the record before us, leads us to the conclusion that the trial judge should have held as a matter of law that both Island Properties and Williams & Madjanik, Inc. were statutory employers of the decedent and, as such, immune from this tort action. They were the statutory employers of the subcontractor's (Yetter Homes, Inc.) employees, including the decedent, because our compensation law makes them liable to provide workmen's compensation coverage.
The rights of the parties involved in this action are spelled out by the following sections of our Workmen's Compensation Law:
"§ 42-1-400. Liability of owner to workmen of subcontractor.
When any person, in this section and §§ 42-1-420 and 42-1-430 referred to as owner, undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section *71 and §§ 42-1-420 to 42-1-450 referred to as `subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him."
"§ 42-1-410. Liability of contractor to workmen of subcontractor.
When any person, in this section and §§ 42-1-420 to 42-1-450 referred to as `contractor,' contracts to perform or execute any work for another person which is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section and §§ 42-1-420 to 42-1-450 referred to as `subcontractor') for the execution or performance by or under the subcontractor, of the whole or any of the work undertaken by such contractor, the contractor shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if that workman had been immediately employed by him."
"§ 42-1-420. Liability of subcontractor to workmen of sub-contractor.
When a subcontractor in turn contracts with still another person, in this section and §§ 42-1-430 to 42-1-450 also referred to as a `subcontractor,' for the performance or execution by or under such last subcontractor of the whole or any part of the work undertaken by the first subcontractor, the liability of the owner or contractor shall be the same as the liability imposed by §§ 42-1-400 and 42-1-410."
"§ 42-1-430. Construction of Title when proceedings are against owner or contractor.
When compensation is claimed from or proceedings are taken against an owner or contractor then, in the application *72 of this Title, reference to the owner or contractor shall be substituted for reference to the subcontractor, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the subcontractor by whom he is immediately employed."
"§ 42-1-440. Indemnity of principal contractor.
When the principal contractor is liable to pay compensation under any of §§ 42-1-400 to 42-1-450, he shall be entitled to indemnity from any person who would have been liable to pay compensation to the workmen independently of such sections or from an intermediate contractor, and have a cause of action therefor.
A principal contractor when sued by a workman of a subcontractor shall have the right to call in that subcontractor or any intermediate contractor or contractors as defendant or codefendant."
"§ 42-1-450. Workman may recover from subcontractor.
Nothing in §§ 42-1-400 to 42-1-450 shall be construed as preventing a workman from recovering compensation under this Title from a subcontractor instead of from the principal contractor but he shall not collect from both."
The effect of these provisions when brought into operation is to impose the absolute liability of an immediate employer upon the owner and/or general contractor although it was not in law the immediate employer of the injured workman.
It is common knowledge that a substantial portion and sometimes all, of construction contracts are carried out by way of subcontracts. The concept of statutory employment is designed to protect the employee by assuring workmen's compensation coverage by either the subcontractor, the general contractor, or the owner if the work is a part of the owner's business. The record indicates that, at the time of the decedent's *73 death, Island Properties was engaged in work which was a part of its business, i.e., as the partnership agreement states, "... constructing, altering, and repairing of real property ..." This illustrates how the law tends to make liable some party which is financially sound.
"The manifest purpose is to afford the benefits of compensation to the men who are exposed to the risks of its business, and to place the burden of paying compensation upon the organizer of the enterprise. In consequence, both the owner and the contractors whom he engages to do his work, are subjected to the requirements of the Act, and the workers receive double protection." Blue Ridge Rural Elec. Co-op. v. Byrd, 238 F. (2d) 346 (4th Cir.1956), reversed on other grounds, 356 U.S. 525, 78 S.Ct. 893, 22 L. Ed (2d) 953 (1958).
The leading case on the subject of statutory employment is Marchbanks v. Duke Power Co., 190 S.C. 336, 2 S.E. (2d) 825 (1939). It is cited with approval twenty years later in Bell v. South Carolina Elec. & Gas Co., 234 S.C. 577. 109 S.E. (2d) 441 (1959). In Bell plaintiff's intestate was employed by general contractor Midland Construction Company and during the course of his employment climbed a pole to remove power transmission lines which belonged to the power company (owner). Midland was employed to execute work which was a part of the trade and business of the power company. This court was called upon to determine whether an action at common law could be brought against the power company or whether plaintiff's (decedent's estate) sole remedy was exclusively under the Workmen's Compensation Law. Stated another way, the court was called upon to determine whether plaintiff's intestate was a statutory employee of the power company. This court held that the employee was a statutory employee of the power company and accordingly the power company was immune from tort liability. This court adopted the order of the trial court, which said:
"The plaintiff having collected from the contractor or construction company doing the work for the owner, the defendant *74 Power Company, which was part of its business, trade or occupation, is barred from bringing a common-law action against the statutory employer and the plaintiff cannot recover from both and recovery under the Compensation Act bars a recovery or action at common law. See also the cases of Boseman v. Pacific Mills, 193 S.C. 479, 8 S.E. (2d) 878; Kennerly v. Ocmulgee Lumber Co., 206 S.C. 481, 34 S.E. (2d) 792; Smith v. Fulmer, 198 S.C. 91, 15 S.E. (2d) 681; Miles v. West Virginia Pulp & Paper Co., 212 S.C. 424, 48 S.E. (2d) 26; Younginer v. J.A. Jones Construction Co., 215 S.C. 135, 54 S.E. (2d) 545; Benbow v. Edmunds High School, 220 S.C. 363, 67 S.E. (2d) 680; Nolan v. Daley, 222 S.C. 407, 73 S.E. (2d) 449; Adams v. Davison Paxon Co., 230 S.C. 532, 96 S.E. (2d) 566. The above cases thoroughly review and affirm the Marchbanks case and in my opinion are determinative of the question involved in this case under the complaint of the plaintiff and the demurrer of the defendant. Power Company."
The fact that neither Williams & Madjanik, Inc. nor Island Properties had to pay the benefits provided is of no consequence. As a practical matter both absorbed the cost of coverage through their contracts with those who agreed to actually perform the work. This seems to have been the General Assembly's intent when it enacted this legislation. The owner who obtains the benefit of the work inevitably absorbs the costs of providing protection for the workers. In return, the employer receives immunity from other remedies which ordinarily might be sought by the employee.
The representatives of Parker's estate contend that even if this action was barred under § 42-1-540.[2] Williams & Madjanik, Inc. would be subject to a third-party *75 suit under what has become known as the "dual-capacity doctrine." To quote Professor Larson:
"Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer a second capacity that confers on him obligations independent of those imposed on him as employer." 2A Larson, Workmen's Compensation Law § 72:80 (1976).
Here, it is argued, if Williams & Madjanik, Inc. is not liable as the general contractor, it may be liable as either an architect or engineer since it allegedly performed certain duties in those areas. We cannot agree.
Assuming without deciding that there are instances where the dual-capacity doctrine could be applied, it is clear that under the facts of this case the doctrine is inapplicable. At the time of his death, Parker was engaged in work which was directly related to his employment. He was employed to construct a roof and was killed when the roof collapsed. This is precisely the type of incident that the Workmen's Compensation Law is designed to cover. To allow recovery in this instance would make the employer's liability uncertain and indeterminate. We decline to make such a substantial inroad into our statutory compensation scheme.
The tort action involved here, as a matter of law, is barred as relates to both the claim against Williams & Madjanik, Inc. and claim against Island Properties. The motions for summary judgment and/or a directed verdict should have been granted. Therefore, it becomes unnecessary to address the issues raised on this appeal by the plaintiffs.
Reversed and Remanded for entry of judgment in keeping with Supreme Court Rule 27.
LEWIS, C.J. and NESS and GREGORY, JJ., and WALTER T. COX, III, Acting Associate Justice, concur.
NOTES
[1] In the event of a new trial plaintiff would have Island Properties remain as defendant.
[2] This section excludes "... all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death" when he and his employer have accepted the provisions of the compensation law.