1292

Drayton King BAILEY, Appellant v. OWEN ELECTRIC STEEL COMPANY OF SOUTH CAROLINA, INC., Respondent.

(378 S. E. (2d) 63)

Court of Appeals

*J. Robin Turner* of *Gaines & Turner,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr., Donald V. Richardson, III,* and *Leslie A. Cotter, Jr.* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard Jan. 23, 1989.

Decided Feb. 21, 1989.

SHAW, Judge:

Appellant, Drayton King Bailey, sued respondent, Owen Electric Steel Company of South Carolina, Inc., for work related injuries. From an order of the trial judge granting summary judgment to Owen, Bailey appeals. We affirm.

Owen is in the business of manufacturing steel. The company acquires scrap metal and melts it to produce the steel. In February, 1984, Ironworkers, Inc. was under contract with Owen to assist Owen in various jobs. On February 13, 1984, Bailey, an employee of Ironworkers, Inc., was injured while connecting an exhaust system to a furnace at Owen's

plant. Bailey sued Owen seeking damages for his personal injury alleging negligence and recklessness on the part of Owen. Owen raised the defense of lack of subject matter jurisdiction asserting that Bailey was a statutory employee and, hence, having received certain workers' compensation benefits, was prohibited from bringing an action in tort against Owen.

During discovery, Bailey filed a motion to compel discovery. Owen filed a motion for summary judgment based on the jurisdictional issue. The two motions were heard together. The hearing judge denied summary judgment, but ordered a full evidentiary hearing on the jurisdictional issue. He further denied the discovery motion pending the outcome of the jurisdiction hearing. Following the evidentiary hearing, the court dismissed the action on jurisdictional grounds.

Bailey contends the lower court erred in finding he was a statutory employee of Owen at the time of the accident and the court thus lacked jurisdiction to entertain the action. We disagree.

The issue of jurisdiction is basically one of law involving the determination by the court of its right to proceed with litigation. *Bridges v. Wyandotte Worsted Company*, 243 S. C. 1, 132 S. E. (2d) 18 (1963). In determining whether the court is without jurisdiction because the plaintiff's claim is within the exclusive jurisdiction of the Workers' Compensation Laws, the basic test is whether or not the work being done is a part of the general trade, business or occupation of the owner. *Id.* at 22, 132 S. E. (2d) 18. This is true even though the subcontractor might occupy the status of independent contractor. *Id.* Due to the many different factual situations which arise, no easily applied formula can be laid down for the determination of whether or not the work in a given case is part of the general trade, business or occupation of the owner and, thus, each case must be determined on its own facts. *Id.* at 23, 132 S. E. (2d) 18.

In the recent case of *Ost v. Integrated Products, Inc.*, 296 S. C. 241, 371 S. E. (2d) 796 (1988) our Supreme Court analyzed three leading cases in determining the statutory employee issue. There the court noted the tests set forth in *Marchbanks v. Duke Power Company*, 190 S. C. 336,

2 S. E. (2d) 825 (1939), *Boseman v. Pacific Mills*, 193 S. C. 479, 8 S. E. (2d) 878 (1940), and *Bridges v. Wyandotte Worsted Company*, supra. The relevant focuses from these three cases are (1) whether the activity is an important part of the trade or business, (2) whether the activity is a necessary, essential and integral part of the business, and (3) whether the identical activity in question has been performed by employees of the principal employer. *Ost v. Integrated Products, Inc.*, 371 S. E. (2d) at 799.

As in *Ost*, we find the facts of the present case satisfy not just one, but all three, of the tests set forth in the three leading cases. The record reveals the following: On February 13, 1984, Bailey was assigned to replace a part of duct work that was beyond repair. While the furnace will operate without the duct work, federal and state laws and regulations require the duct system for ventilation. Although Owen has a large maintenance crew of fifty to fifty-five people, these employees were otherwise occupied and thus Bailey and another Ironworkers, Inc. employee were assigned this task. The ducts from the furnaces were often maintained through patch work until it was necessary to replace them. The repair and replacement of the duct work was required about every other year. Owen's maintenance crew has replaced these exhaust ducts in the past.

Based on the foregoing, we conclude the work being performed by Bailey at the time of his injury was a part of the trade, business or occupation of Owen and Bailey was, therefore, a statutory employee limited to the exclusive remedy of workers' compensation. The order of the lower court dismissing the action for lack of jurisdiction is affirmed.

All other issues raised by Bailey are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

BELL and CURETON, JJ., concur.