1386

Shelba Jean BRITTINGHAM, Administratrix of the Estate of Mark R. Brittingham, Appellant v. WILLIAMS SIGN ERECTORS, INC.; Jones & Frank Oil Equipment Corporation; Sanders Brothers, Inc.; and Morrisette, Cederquist, Bondurant & Associates, Respondents.

(384 S. E. (2d) 319)

Court of Appeals

*Sandra R. Parise,* of *Fairey & Parise,* and *J. Thomas Falls, Jr.,* of the *Law Office of W. Ralph Garris,* Columbia, *for appellant.*

*Robert T. Strickland* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork, & Johnson, Harold W. Jacobs,* of *Moore & Van Allen; Charles E. Carpenter, Jr.,* and *George C. Beighley,* both of *Richardson, Plowden, Grier & Howser, Ronald E. Boston* and *Elbert S. Dorn,* both of *Turner, Padget, Graham & Laney,* Columbia, *for respondents.*

Heard June 5, 1989.

Decided Aug. 14, 1989.

*Per Curiam:*

Plaintiff-Appellant Shelba Jean Brittingham, Administratrix of the Estate of Mark R. Brittingham, brings this survival/wrongful death action against Defendants Williams Sign Erectors, Inc., Jones & Frank Oil Equipment Corporation, Sanders Brothers, Inc., and Morrisette, Cederquist, Bondurant & Associates alleging negligence proximately causing the death of her intestate. The circuit court granted the motions of Defendant Sanders and Defendant Jones & Frank to dismiss, holding they were statutory employers under the Workers' Compensation law of South Carolina and were accordingly immune.

The judge refused the motion of Plaintiff to amend by alleging an intentional tort against these four Defendants and refused to add owner Food Lion Stores, Inc. and general contractor EMJ Corporation as party Defendants. Plaintiff appeals both rulings. We affirm.

Food Lion Inc. (owner) employed EMJ, a general contractor, to construct a distribution center warehouse. Food Lion also employed Morrisette as architects. The general contractor gave a subcontract to Sanders to perform the mechanical aspects of the project. Sanders gave a subcontract to Jones & Frank to provide excavation. Jones & Frank gave a subcontract to Peele to do the actual excavation. Peele gave a

subcontract to Williams Sign Erectors to excavate trenches for fuel tanks. Brittingham was employed by Peele.

The relationship of the parties is graphically shown by the following chart:

Food Lion (owner)

Morrisette, Cederquist, Bondurant & Associates (Architects)

EMJ (general contractor)

Sanders (mechanical contractor)

J & F (subcontracted with Sanders to provide, install and excavate diesel fuel system)

Peele Electric Company (subcontracted with J & F to install and excavate the diesel fuel system)

Brittingham—Employee

Williams Sign Erectors (subcontracted with Peele to excavate trenches for fuel tanks)

Peele, as Brittingham's immediate employer, was covered by workers' compensation, and Brittingham's beneficiaries have been paid in keeping with South Carolina law. Neither Peele nor the owner (Food Lion) nor the general contractor (EMJ) were made parties to this survival/wrongful death action, there being at the time apparently no contention that the owner and the general contractor and the immediate employer were not immune by statutory law.

Three questions for our determination as reworded from Plaintiff's Brief are as follows:

1. Did the court err in holding that Plaintiff's intestate was performing work which was a part of the trade or business of Sanders and of Jones & Frank?

2. Did the circuit court misinterpret Workers' Compensation Act, South Carolina Code §§ 42-1-400 through 42-1-540, when it held that upstream subcontractors, as well as immediate employers, were immune from tort liability?

3. Did the trial court err in refusing Plaintiff's motion to amend her complaint?

The Plaintiff first contends that the trial judge erred in finding as a matter of fact that Plaintiff's intestate was performing work which was a part of the trade business or occupation of Sanders and Jones & Frank. The agreed statement, which is binding on all parties, adequately disposes of this issue. That statement reads in relevant part:

> ... The Decedent was killed on November 27, 1984, when the side of the trench in which he was working caved in. At the time of his death, the Decedent was working within the course and scope of his employment with Peele's Electric Company, Inc. ..... As the immediate employer, the workers' compensation insurance carrier for Peele paid benefits to the Decedent's estate.
>
> The trench in which the Decedent was killed was located at the site of a distribution warehouse construction project for Food Lion Corporation. ...

At the time of his death Brittingham was performing work which Peele, Sanders and Jones & Frank were under contract to perform. We find no merit in the exception.

Next: We hold that the trial judge correctly found that both Sanders and Jones & Frank were statutory employers in contemplation of the South Carolina Workers' Compensation Act.

Section 42-1-400, 1976 Code, makes an owner liable to employees of subcontractors.

Section 42-1-410 makes a contractor liable to employees of subcontractors.

Section 42-1-420 makes subcontractors liable to employees of other subcontractors.

Section 42-1-440 provides that when any owner or upstream contractor or subcontractor must pay an employee, indemnity may be had from the immediate employer or any intermediate subcontractor who failed to provide Workers' Compensation coverage.

Section 42-1-450 allows an employee to recover compensation from a subcontractor "... instead of from the principal contractor but he shall not collect from both."

Section 42-1-540 provides as follows:

> § 42-1-540. Employee's rights and remedies under Title exclude all others against employer.
>
> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all others rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

All sections of the Workers' Compensation act must be read together to find legislative intent. Patently it was the intent of the Legislature to assure coverage for a maximum number of employees. The statutes prohibit employers from avoiding coverage to workers by way of subcontracting. It is also apparent that it was the intent of the Legislature to relieve those who might be potentially liable to provide compensation from tort liability. Sanders, as well as Jones & Frank, were potentially responsible for Workers' Compensation benefits paid to the beneficiaries of Brittingham. Had these benefits not been provided by the immediate employer (Peele) both could have been made to pay. In actuality Sanders and Jones & Frank have indirectly provided Workers' Compensation coverage for Brittingham. Peele's cost of operation are of necessity blended into the contract price agreed to.

Our Workers' Compensation Act has been in effect for more than half a century. The exact issue now confronting

the court has not been raised heretofore in either of our appellate courts. Our statute has, however, been construed by two other appellate courts.

In *Wardell v. Richmond Screw Anchor Company*, 133 Ga. App. 378, 210 S. E. (2d) 854 (1974), the court was called upon to construe our South Carolina Workers' Compensation Act. It held that defendants, with whom plaintiff employee's immediate employer had subcontracted, were statutory employers under the act.

In *Chavis v. DuPont*, 283 F. (2d) 929 (1960), the Fourth Circuit Court of Appeals made a similar ruling:

> ... The term 'employer' as used in the immunity provision of § 72-121 [now 42-1-540], was clearly intended to include others than the immediate employer. This the Supreme Court of South Carolina has held expressly.[1] We think it must include every person whom the Act makes responsible for compensation.

The Supreme Court of Appeals of Virginia, construing a statute similar to ours in *Sykes v. Stone*, 186 Va. 116, 41 S. E. (2d) 469 (1947), made the same ruling.

We find the exceptions addressed to this question without merit.

Lastly, Plaintiff argues that the circuit court erred in refusing to allow an amendment to the complaint. This is a matter addressed to the discretion of the trial judge. *Anders v. Nash*, 256 S. C. 102, 180 S. E. (2d) 878 (19719. We find no abuse.

Affirmed.

---

[1] *Younger v. Jones*, 215 S. C. 135, 54 S. E. (2d) 545 (1949); *Marchbanks v. Duke Power Co.*, 190 S. C. 336, 2 S. E. (2d) 825 (1939).