23223

Drayton King BAILEY, Petitioner v. OWEN ELECTRIC STEEL COMPANY OF SOUTH CAROLINA, INC., Respondent.

(392 S.E. (2d) 186)

Supreme Court

*J. Robin Turner,* of *Gaines & Turner,* Columbia, *for petitioner.*

*Charles E. Carpenter, Jr.,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard March 19, 1990.

Decided May 29, 1990.

*Per Curiam:*

Petitioner Drayton King Bailey (Bailey) commenced this negligence action against Respondent Owen Electric Steel Company (Owen) for injuries he sustained while working on Owen's premises. We granted certiorari to review the Court of Appeals' affirmance of Circuit Court orders (1) denying as premature Bailey's motion to compel discovery and (2) dismissing the action for lack of subject matter jurisdiction. *See Bailey v. Owen Elec. Steel Co.,* 298 S.C. 36, 378 S.E. (2d) 63 (Ct. App. 1989). We now reverse and remand to the Circuit Court for a determination on the merits of the motion to compel.

On February 13, 1984, Bailey was employed by Ironworkers, Inc., which was under contract with Owen to perform work at Owen's melt shop. Bailey was injured when a length of rebar he held was struck by an overhead crane operated by an Owen employee.

Bailey commenced this action by serving and filing a Summons and Complaint which alleged that his injuries were proximately caused by the negligence and recklessness of Owen's employees. Various requests for discovery were also served. Among other defenses, Owen's Answer raised lack of

subject matter jurisdiction, asserting that Bailey was a "statutory employee" whose claim was within the exclusive jurisdiction of the Workers' Compensation Law. *See* S.C. Code Ann. § 42-1-400 (1985); *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 2 S.E. (2d) 825 (1939).

Dissatisfied with Owen's responses to his discovery requests, Bailey filed a motion pursuant to Rule 37(a), SCRCP, for an order compelling discovery. Shortly thereafter, Owen made a motion for summary judgment based upon its jurisdictional defense.

Judge Bristow denied Owen's motion for summary judgment and ordered an evidentiary hearing on the question of jurisdiction. *Cf. Bigham v. Nassau Recycle Corp.*, 285 S.C. 200, 328 S.E. (2d) 663 (Ct. App. 1985). He also denied Bailey's motion to compel discovery, stating:

> Since it has not yet been determined that this court has jurisdiction to try this case, the motion is premature. The motion is denied at this time with the right to review [sic] it if it is determined that this court has jurisdiction.

An evidentiary hearing was subsequently held before Judge Burnett. Judge Burnett dismissed the action for lack of jurisdiction, finding that Bailey was a statutory employee of Owen.

Bailey appealed both Judge Bristow's interlocutory order denying discovery and Judge Burnett's order of dismissal. The Court of Appeals affirmed, rejecting Bailey's attack on the statutory employee finding and summarily concluding that the other issues were "manifestly without merit."

Bailey contends Judge Bristow erred in ruling that the motion to compel discovery was premature until a determination that subject matter jurisdiction existed. We agree.

A court always has jurisdiction to determine its own jurisdiction. *See Texas & Pacific Ry. v. Gulf, Colorado & Santa Fe Ry.*, 270 U.S. 266, 46 S. Ct. 263, 70 L. Ed. 578 (1926); *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 132 S.E. (2d) 18 (1963). Under Rule 26(b)(1), SCRCP, discovery is available to develop any factual issues involved in a jurisdictional

question.[1] 4 Moore's Federal Practice ¶ 26.56[6] (2d ed. 1989); 8 Wright & Miller, Federal Practice and Procedure § 2009, p. 52 (1970). Thus, prior to ruling upon a motion challenging jurisdiction, the court may compel discovery in aid of its decision, *In re Uranium Antitrust Litigation,* 480 F. Supp. 1138 (N.D. Ill. 1979), and impose sanctions for a discovery violation, *Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank,* 659 F. (2d) 234 (D.C. Cir. 1981).

Accordingly, Judge Bristow committed error in refusing to rule on the merits of Bailey's motion to compel. We reverse and remand to the Circuit Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[1] Like its counterpart in the Federal Rules of Civil Procedure, Rule 26(b)(1), SCRCP, defines the general scope of discovery as embracing "any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Broadly construed, it extends discovery to factual issues unrelated to the merits of the case, such as those involving jurisdiction. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 & n. 13, 98 S. Ct. 2380,