1757

Debbie B. GENTRY, Administratrix of the Estate of David W. Gentry, deceased, Appellant v. MILLIKEN & COMPANY, Respondent.

(414 S.E. (2d) 180)

Court of Appeals

*Kenneth L. Holland,* Gaffney, *for appellant.*

*Stanley T. Case, Butler, Means, Evins & Browne* of Spartanburg, *for respondent.*

Submitted Dec. 2, 1991.

Decided Jan. 13, 1992.

GOOLSBY, Judge:

The dispositive issue in this wrongful death action brought by Debbie B. Gentry, Administratrix of the Estate of David W. Gentry, against Milliken & Company is whether David W. Gentry, an employee of Sanders Brothers, Inc., was Milliken's statutory employee when he was fatally injured at Milliken's Magnolia Plant while assisting in the installation of scouring machinery. The circuit court granted Milliken's motion to dismiss, finding Gentry was barred from bringing this action "by the exclusive remedy provisions of the South Carolina Workers' Compensation Act" because Gentry was Milliken's statutory employee. We affirm. *Smith v. T.H. Snipes & Sons, Inc.,* — S.C. —, 411 S.E. (2d) 439 (1991).

Milliken hired Sanders Brothers to install scouring machinery at the Magnolia Plant, a textile mill. The plant had from forty to fifty regular employees who installed, maintained, and removed equipment. Milliken often altered the equipment at the plant to meet regularly changing market demands.

Milliken required Sanders Brothers to obtain workers' compensation coverage for its employees. Its payments to Sanders Brothers included an amount for workers' compensation coverage. Indeed, as a result of David W. Gentry's death, his dependents received workers' compensation benefits under Sanders Brothers' coverage.

An employee is a statutory employee of an owner if the work performed by the employee is part of the general trade, business, or occupation of the owner. *Bailey v. Owen Electric Steel Company of South Carolina, Inc.,* 298

S.C. 36, 378 S.E. (2d) 63 (Ct. App. 1989), *rev'd on other grounds,* 301 S.C. 399, 392 S.E. (2d) 186 (1990). To determine if certain work is part of the general trade, business, or occupation of an owner, courts focus on whether the work is an important, necessary, essential, and integral part of the business and whether it is identical to work that has been performed by employees of the owner. *Id.* 298 S.C. at 39, 378 S.E. (2d) at 64. There is no simple formula, however, to determine if work is part of an owner's general trade. Each case must be decided on its own facts. *Id.* at 38, 378 S.E. (2d) at 64.

Gentry argues the circuit court erred in finding the decedent was a statutory employee of Milliken because he was not performing work that was part of Milliken's general trade and in finding the scouring machinery was an integral part of Milliken's plant operation because the plant continued to operate in its usual manner while the scouring machinery was being installed.

We find no error in the circuit court's finding the decedent was a statutory employee of Milliken and in its finding the scouring machinery was an integral part of Milliken's general trade. The plant's engineering services manager testified Milliken's employees had previously installed equipment at the plant. He and a plant engineer both testified the scouring machinery was essential to the plant's manufacture of certain materials. The plant engineer's testimony also disclosed the plant was able to continue its usual operations while the scouring machinery was being installed by using its existing scouring machinery.

Gentry also argues the circuit court erred in finding the decedent was a statutory employee of Milliken because it broadly construed the Workers' Compensation Act. She argues the Act should be strictly construed where, as here, including a worker insulates a party from tort liability.

We find no error in the circuit court's broad construction of the Act. *See Revels v. Hoechst Celanese Corporation,* 301 S.C. 316, 391 S.E. (2d) 731 (Ct. App. 1990) (wherein the Court of Appeals, noting doubts about whether a worker is a statutory employee must be resolved in favor of inclusion of employees and employers under the Workers' Compensation Act, upheld summary judgment of a personal injury action because the

defendant was the statutory employer of the plaintiff); *Brittingham v. Williams Sign Erectors, Inc.*, 299 S.C. 259, 384 S.E. (2d) 319 (Ct. App. 1989) (one purpose of the Act is to relieve those potentially responsible for providing compensation from tort liability).

Gentry further argues the circuit court erred in finding the decedent was a statutory employee of Milliken and in determining Gentry's sole remedy is under workers' compensation because the South Carolina Industrial Commission had previously found the decedent was an employee of Sanders Brothers.

We need not address this argument because the circuit court did not rule on it and the exceptions that purportedly preserve it for appeal do not preserve it. *See Capitol View Fire District v. County of Richland*, 297 S.C. 359, 377 S.E. (2d) 122 (Ct. App. 1989) (an issue was not preserved for appeal where the trial court did not address the issue in its order and the appellant did not request the trial court to rule on it); *Orange Bowl Corporation v. Warren*, 300 S.C. 47, 386 S.E. (2d) 293 (Ct. App. 1989) (the Court of Appeals cannot address on appeal a proposition not raised by any exception).

In any case, the finding that the decedent was Sanders Brothers' employee did not preclude a finding that the decedent was also Milliken's statutory employee. *See Parker v. Williams and Madjanik, Inc.*, 275 S.C. 65, 267 S.E. (2d) 524 (1980) (where the South Carolina Industrial Commission found a worker was employed by a subcontractor, a wrongful death suit brought by co-administratrices of the worker's estate against the owner and general contractor was barred because the owner and general contractor were found to be the worker's statutory employers).

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.