1798

Margaret BOONE, Respondent v. HUNTINGTON AND GUERRY ELEC-
TRIC CO., Appellant. Albert E. BOONE, Respondent v. HUNTING-
TON AND GUERRY ELECTRIC CO., Appellant.

(416 S.E. (2d) 212)

Court of Appeals

*Jack D. Griffeth*, of *Love, Thornton, Arnold & Thomason*,
Greenville, *for appellant.*

*William L. Dodson, Jr.*, of *The Bowen Law Firm*,
Greenville, *for respondents.*

Submitted Jan. 7, 1992; Decided Apr. 6, 1992.

Reh. Den. Apr. 27, 1992.

*Per Curiam:*

This suit is for negligence against Huntington and Guerry,
an electrical contractor working for the employer of plaintiff
Margaret Boone when she was injured. Her husband, Albert
Boone, has sued for loss of consortium. Ruling on cross-mo-
tions for summary judgment, the trial judge found the
Boones' lawsuits were not barred by the exclusive remedy

provisions of the workers' compensation laws and struck the defenses that relied on that theory. Huntington and Guerry appeals.

Margaret Boone worked at a J.P. Stevens plant. One afternoon, the management of the plant was expecting an evening visit from a high executive in the company. In anticipation of this visit, management wished temporarily to install and wire a newly delivered lighted sign so that it could be in place when the executive arrived.

Huntington and Guerry was at the plant that afternoon doing other work. Plant management asked Huntington and Guerry to run temporary power to the sign so that it would be illuminated that evening. In carrying out this task, Huntington and Guerry ran conduit across a roadway. Margaret Boone tripped on the conduit and injured herself as she was leaving work that evening. She and her husband have sued Huntington and Guerry for negligence.

A portion of Huntington and Guerry's answers alleged these claims were barred by the exclusive remedy provisions of the workers' compensation laws.[1] Huntington and Guerry sought summary judgment based on these defenses. The Boones sought summary judgment striking these defenses.

The trial judge phrased the issue as follows:

> The Defendant's position in this action is that Huntington and Guerry was a statutory employee of the principal owner, J.P. Stevens, and that since the Plaintiff was an employee of J.P. Stevens, the parties are actually co-employees, and this Plaintiff is barred from bringing an action against this Defendant.

Huntington and Guerry's Statement of Issues on Appeal does not assert this formulation of the issue is incorrect and therefore we approach the issue as stated by the trial judge. *See* Rule 207(b)(1)(B), SCACR ("Ordinarily no point will be considered which is not set forth in the statement of the issues on appeal.").

The trial judge ruled on two grounds: (1) The statutory employee provisions of the worker's compensation laws do not

---

[1] Margaret Boone has collected workers' compensation payments from J.P. Stevens.

give tort immunity to Huntington and Guerry in a suit by an employee of J.P. Stevens and (2) Huntington and Guerry was not a statutory employee of J.P. Stevens. We affirm on the first ground and do not address the second.

Huntington and Guerry relies on two sections of the workers' compensation laws, which we set forth in pertinent part:

### Section 42-1-400. Liability of owner to workmen of subcontractor.

When any person, in this section and §§ 42-1-420 and 42-1-430 referred to as "owner," undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (in this section and §§ 42-1-420 to 42-1-450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

### Section 42-1-540. Employee's rights and remedies under Title exclude all others against employer.

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. §§ 42-1-400, 42-1-540 (1976).

These two provisions give an owner tort immunity when an employee of a subcontractor has become a statutory employee.[2] *Brittingham v. Williams Sign Erectors, Inc.*, 299 S.C. 259, 384 S.E. (2d) 319 (Ct. App. 1989). Huntington and Guerry asserts these provisions should oper-

---

[2] The analysis for determining when a worker is a statutory employee appears in *Ost v. Integrated Products, Inc.*, 296 S.C. 241, 371 S.E. (2d) 796 (1988).

ate also in reverse, that is, a subcontractor should be immune from the tort suit of an employee of the owner, when the subcontractor's employee has become the statutory employee of the owner.[3]

Huntington and Guerry has cited no decisions from any jurisdiction for the precise proposition it advances. Professor Larson's treatise on workers' compensation notes the great majority of jurisdictions hold that a subcontractor is a third party amenable to suit by an employee of the principal contractor. 2A Arthur Larson, *The Law of Workmen's Compensation*, § 72.32, at 14-211 through -212 (1990). Larson amplifies:

> The reason for the difference in result is forthright: the general contractor has a statutory liability to the subcontractor's employee, actual or potential, while the subcontractor has no comparable statutory liability to the general contractor's employee.

*Id.* at 14-215.

One purpose of Code Section 42-1-400 is to relieve from tort liability those potentially responsible for providing workers' compensation. *Brittingham.* Huntington and Guerry has not provided any precedent in South Carolina holding that it would have workers' compensation liability to Margaret Boone. The plain language of Code Section 42-1-400 refers to compensation liability of an owner to "any workman employed in the work" undertaken by the subcontractor on behalf of the owner. It does not add that a subcontractor will have compensation liability to an employee of an owner, when that employee is not engaged in the work the subcontractor is performing.

■ We agree with Huntington and Guerry that doubts concerning the scope of the workers' compensation laws should be resolved in favor of including workers

---

[3] The term "owner" is synonymous with the principal contractor, that is to say, the party of the first part to the contract with the "subcontractor," who is the second party to the contract for the work to be done by the owner. *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 362-363, 2 S.E. (2d) 825, 836 (1939).

and employers within the law's scope. *Adams v. Davison-Paxon Co.*, 230 S.C. 532, 96 S.E. (2d) 566 (1957); *Gentry v. Milliken & Co.*, 414 S.E. (2d) 180 (S.C. Ct. App. 1992) (Davis Adv. Sh. No. 2 at 23). The Supreme Court, however, has found the text of Code Section 42-1-400 to be "plain language not hard to understand." *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 362, 2 S.E. (2d) 825, 836 (1939).

The plain language of Code Section 42-1-400 persuades us to hold Huntington and Guerry had no workers' compensation liability to Margaret Boone. Because it had no workers' compensation liability, it has no tort immunity in this lawsuit. Accordingly, we affirm the judgment of the trial court.

Affirmed.