1796

James Albert SMITH (Deceased), Jeanette D. Smith, Individually and as
Guardian ad Litem for Mary Jo Smith, a minor under the age of eighteen
(18) years, Appellant v. SQUIRES TIMBER COMPANY and/or Randy
Brown Logging, Employer, and P.A. Manufacturers Association Insur-
ance Company, Carrier, Respondents.

(417 S.E. (2d) 101)

Court of Appeals

*Craig A. Snook*, of *Stevens, Stevens & Thomas*, of Myrtle
Beach, *for appellant.*

*F. Earl Ellis* and *Andrew F. Lindemann*, both of *Nauful &
Ellis*, Columbia, for *respondents, Squires Timber Co.* and
*P.A. Manufacturers Ass'n Ins. Co.*

Heard Jan. 15, 1992; Decided Apr. 16, 1992.

Reh. Den. June 3, 1992.

SHAW, Judge:

Appellant, Jeanette D. Smith, individually and as guardian
ad litem for her minor daughter Mary Jo Smith, brought this
workers' compensation action seeking compensation for the
death of her husband, James Albert Smith. The single com-
missioner denied compensation finding Smith was neither an
employee of Randy Brown Logging nor an employee or statu-
tory employee of Squires Timber Company but was an inde-
pendent contractor. The full commission and circuit court af-
firmed. We affirm in part and remand to the commission for a
determination consistent with this opinion.

The record reflects the following facts. Squires Timber Company entered into an agreement to sell wood to International Paper Company. Squires contracted with Randy Brown Logging to cut and deliver certain timber to the International Paper Company mill in Georgetown. Randy Brown contracted with Smith to haul the cut timber to the International Paper Company mill. On February 9, 1988, Smith was involved in a fatal automobile accident while returning to the logging site with a rejected load of timber.

The single commissioner found Smith was not an employee of Randy Brown Logging. He further found Smith was neither an employee nor a statutory employee of Squires Timber Company. The full commission affirmed the order of the single commissioner. On appeal before the circuit court, the court found the issues to be: (1) whether Smith was an "employee by estoppel" of Randy Brown Logging and/or Squires Timber Company, and (2) whether Smith was a statutory employee of Squires Timber Company.[1]

The circuit court ruled against appellant on the "employee by estoppel" theory on two grounds. First, the court found appellant's "employment by estoppel" theory failed as she failed to sustain her burden of proof that the carrier accepted premiums for coverage of Smith. Secondly, the court found, under South Carolina law, the commission cannot acquire jurisdiction by estoppel.

Appellant contends, under South Carolina law, estoppel will be applied in workers' compensation cases to prevent an insurance carrier's attempt to avoid coverage of a work-related injury when the carrier has previously accepted the payment of premiums pertaining to the injured person. She further argues that S.C. Code Ann. § 42-5-80(C) (Supp. 1991) prevents the respondents from using the defense that they are not subject to the South Carolina Workers' Compensation Law in order to deny coverage. The respondents contend § 42-5-80(C) is not applicable to the case at hand. They assert that,

---

[1] The court noted the appellant apparently abandoned her earlier contention that Smith was an employee of Squires Timber Company and/or Randy Brown Logging based on the four right of control factors set forth in *Chavis v. Watkins*, 256 S.C. 30, 180 S.E. (2d) 648 (1971) and further noted it would affirm the finding by the commission that Smith was not an employee based on these factors. Appellant failed to appeal this ruling and it is therefore the law of the case.

under existing South Carolina case law, estoppel will be applied to prevent a carrier from denying coverage to an employee who already comes within the act, but South Carolina does not recognize "employee by estoppel" such as will expand jurisdiction over a party who is not within the coverage of the act.

Because we find the evidence fails to show the insurance carrier charged a premium to cover Smith's activities, a basis upon which appellant relies in arguing "employment by estoppel," we do not reach the question of whether South Carolina recognizes "employment by estoppel."[2]

Appellant next contends Smith was a statutory employee of Squires Timber Company. Respondents argue Smith was not a statutory employee of Squires because, under S.C. Code Ann. § 42-1-400 (1976), Smith must have been an employee of the subcontractor in order to qualify as a statutory employee of Squires and since Smith was not an employee under *Chavis v. Watkins,* supra, nor an "employee by estoppel," Smith was not an employee of Randy Brown Logging but was a subcontractor himself.

The circuit court found in order for Smith to qualify as a statutory employee of Squires Timber Company, under § 42-1-400, he had to be an employee of the subcontractor, Randy Brown Logging, and that he was not an employee, but was a subcontractor of Randy Brown Logging. Respondents argue, pursuant to § 42-1-400, only an employee of a subcontractor can be a statutory employee and not a subcontractor himself. However, the recent Court case of *Smith v. T.H. Snipes & Sons, Inc.,* 411 S.E. (2d) 439 (S. Ct. 1991) (Davis Adv. Sh. No. 28 at 22) noted that no language of the above statute precludes classification of a subcontractor as a statutory employee. That case, though, was factually different from the one at hand as it dealt with the immediate subcontractor whereas, here, it involves a subcontractor of a subcontractor.

---

[2] While the record shows, the premium for the workers' compensation policy in question was based on production, the uncontroverted evidence is that the rate of $.43 per ton of logs produced takes into account the variable that independent contractors of a subcontractor are not covered. In other words, the only evidence of record is that independent contractors of subcontractors were not included in coverage under this policy and this was factored into the premium charged. Thus, there is no evidence the carrier accepted premiums for the coverage of Smith.

The issue of whether Smith was a statutory employee of Randy Brown Logging was not ruled upon by either the commission or the circuit court. Neither was the issue of whether a subcontractor of a subcontractor could qualify as a statutory employee under § 42-1-400. (We have already noted a subcontractor himself may be a statutory employee.) As these issues apparently were not raised before either the commission or the circuit court and, because they are jurisdictional in nature, we remand this case to the commission for reconsideration of these issues.[3] Should it be determined Smith falls within the purview of § 42-1-400 as a subcontractor of a subcontractor, the commission then must determine whether Smith was a statutory employee considering the factors set forth in *Smith v. T.H. Snipes & Sons, Inc.*, supra.

Affirmed in part and remanded.

SANDERS, C.J. and LITTLEJOHN, Acting Judge, concur.

---

[3] The case of *Brittingham v. Williams Sign Erectors, Inc.*, 299 S.C. 259, 384 S.E. (2d) 319 (Ct. App. 1989), involving upstream subcontractors as statutory employers under the South Carolina Workers' Compensation Law, may be of some guidance.