2025

Gary Richard DAY, Appellant v.
SANDERS BROTHERS, INC., Respondent.

(431 S.E. (2d) 629)

Court of Appeals

*M. Terry Haselden,* of *Faucette Law Firm,* Spartanburg, *for appellant.*

*Stanley T. Case,* of *Butler, Means, Evins & Browne,* Spartanburg, *for respondent.*

Heard May 11, 1993.

Decided June 1, 1993.

GOOLSBY, Judge:

Gary Richard Day brought this negligence action against Sanders Brothers, Inc. The circuit court granted Sanders Brothers summary judgment, holding Day's claim barred by the exclusive remedy provisions of the South Carolina Workers' Compensation Law contained in S.C. CODE ANN. § 42-1-540 (1985).[1] Day appeals. We reverse.

---

[1]S.C. CODE ANN. § 42-1-540 (1985) provides in part:

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury . . . by acci-

According to the allegations of Day's complaint, Talent Tree, Inc., a company that furnishes other temporary employees to employers, employed Day and assigned him to work at the Milliken-Magnolia Plant in Cherokee County. On March 23, 1989, Day injured his left elbow when a hydraulic jack operated by Steven Arthur, an employee of Sanders Brothers, another Milliken subcontractor, fell and hit Day.

In its answer, Sanders Brothers affirmatively alleges the workers' compensation act gave Day an exclusive remedy and Day elected to pursue this remedy.

Day and Sanders Brothers agree both the employees of Talent Tree and of Sanders Brothers were Milliken's statutory employees.

Sanders Brothers moved for summary judgment. The circuit court granted the motion, finding that, under S.C. CODE ANN. § 42-1-400 (1985),[2] Milliken was liable for workers' compensation benefits to Day and Day's remedy was limited to the workers' compensation act.

We disagree.

Here, as in *Boone v. Huntington and Guerry Elec. Co.*, 430 S.E. (2d) 507 (S.C. 1993), *aff'g* — S.C. —, 416 S.E. (2d) 212 (Ct. App. 1992), the subcontractor sued by the plaintiff was not the plaintiff's employer and one who had any workers' compensation liability to the plaintiff.

Although Day could not sue Milliken because of the exclusive remedy provision of the workers' compensation act, nothing in the act prevents him from suing Sanders Brothers. Indeed, the proviso contained in section 42-1-540[3] expressly does

---

dent, shall exclude all other rights and remedies of such employee . . . against his employer, at common law or otherwise, on account of such injury. . . .

*Provided, however,* this limitation of actions shall not apply to injuries resulting from acts of a subcontractor of the employer or his employees or bar actions by an employee of one subcontractor against another subcontractor or his employees when both subcontractors are hired by a common employer.

[2]S.C. CODE ANN. § 42-1-400 (1985) provides in part:

When any person . . . referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section . . . referred to as a "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

[3]See note 1, *supra.*

not bar the type of action Day brought here. Day's injuries resulted from the acts of Sanders Brothers' employee, Arthur. Day, an employee of the subcontractor Talent Tree, brought this action against another subcontractor, Sanders Brothers. Both Talent Tree and Sanders Brothers were subcontractors hired by a common employer, Milliken.

Reversed.

SHAW and CURETON, JJ., concur.