23716

Dozier J. CARTER, Respondent v.
FLORENTINE CORPORATION, INC., Appellant.

(423 S.E. (2d) 112)

Supreme Court

---

*Lawrence B. Orr* of *Bridges, Porter, Orr & McEachin,* Florence, *for appellant.*

*Reginald C. Brown, Jr.* of *Hyman Law Firm,* Florence, *for respondent.*

Submitted June 5, 1992.

Decided Sept. 21, 1992.

CHANDLER, Justice:

Florentine Corporation (Florentine) appeals a Summary Judgment Order which held that Respondent, Dozier Carter (Carter), was not a statutory employee

and, therefore, could maintain a civil negligence action.[1]

We reverse.

## FACTS

Florentine is a South Carolina corporation owned by a single shareholder. Its sole asset is the land and buildings comprising Magnolia Mall in Florence.

The Mall is managed by Equity Property Management Corporation (Equity). The management contract between Equity and Florentine requires that Equity (1) hire and discharge all Magnolia Mall employees, (2) negotiate leases for all stores in the Mall, (3) maintain necessary repairs/upkeep of the Mall and (4) compensate all employees and subcontractors.

Carter, employed as a customer service representative for the Mall, was hired and paid by Equity. On June 8, 1990, Carter clocked out from work and, while carrying trash from the customer service area, slipped and fell in a Mall corridor. Thereafter, he instituted this negligence action against Florentine for $250,000 damages.[2] Florentine answered and moved for summary judgment, alleging that Carter was its statutory employee whose exclusive remedy was Workers' Compensation. The motion was denied.

## ISSUE

Was Carter a statutory employee?

## DISCUSSION

Where an employer is covered by Workers' Compensation, the Act is the exclusive remedy of an employee injured in the course and scope of employment. S.C. Code Ann. § 42-1-540 (1985). This exclusivity provision applies both to "direct" employees, and to those termed "statutory

---

[1] Generally, denial of summary judgment is interlocutory. *Willis v. Bishop*, 276 S.C. 156, 276 S.E. (2d) 310 (1981). However, orders determining questions of subject matter jurisdiction are immediately appealable. *Sims v. Phillips*, 46 S.C. 149, 24 S.E. 97 (1896). This Court has recognized that a determination of whether a claimant is an employee involves a question of subject matter jurisdiction. *McCreery v. Covenant Presbyterian Church*, 303 S.C. 271, 400 S.E. (2d) 130 (1990); *Bailey v. Owen Electric*, 301 S.C. 399, 392 S.E. (2d) 186 (1990).

[2] Carter did not seek Workers' Compensation benefits.

employees" under S.C. Code Ann. § 42-1-400 (1985). That section provides, in part:

> When any person . . . referred to as 'owner,' undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . (referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

■ Three tests are applied in determining whether an employee of a *subcontractor* is a statutory employee of the *owner*:

(1) is the activity an important part of the owner's business;
(2) is the activity a necessary, essential, integral part of the business; and
(3) has the identical activity been performed by employees of the principal employer?

*See Smith v. T.H. Snipes and Sons,* — S.C. —, 411 S.E. (2d) 439 (1991); *Ost v. Integrated Products,* 296 S.C. 241, 371 S.E. (2d) 796 (1988).

■ Here, the Mall is clearly Florentine's sole business, and the work being performed by Equity was essential to its operation. Accordingly, Carter is a statutory employee.

The judgment below is

Reversed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.