23821

Hughey LONG, Respondent v. ATLANTIC HOMES, Employer, and Selective Insurance Company, Carrier, Appellants.

(428 S.E. (2d) 711)

Supreme Court

*Grady L. Beard* and *Darryl D. Smalls* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*Christopher G. Isgett,* of *Lee, Eadon, Isgett & Popwell,* and *Stanford E. Lacy* of *Collins & Lacy,* Columbia, *for respondent.*

Heard Jan. 18, 1993.

Decided March 15, 1993.

TOAL, Justice:

In this Workers' Compensation action, the claimant was awarded temporary total disability benefits. The Commission found Atlantic Homes to be the claimant's statutory employee. The Commission additionally sanctioned Atlantic Homes' insurance carrier, Selective Insurance Company (hereinafter "Selective"), for its failure to appear at the hearing. Atlantic Homes and Selective appeal. We affirm.

## FACTS

In January 1988, the claimant, Hughey Long ("Long"), was hired by Dave Hill to perform carpentry work for Ed Miles on a residential home site in Timberlake Plantation. Long was told that Ed Miles was a subcontractor of Atlantic Homes on this site. On his first day of work, Long fell from a two-story-high scaffold. Long injured his shoulder, his back, right leg,

and head. He fractured multiple bones in his hand. Long was receiving Social Security disability benefits.

At the compensation hearing held June 6, 1992, Long testified that he had been unable to work from the date he fell up to and including the date of the hearing. Atlantic Homes appeared at the hearing and did not dispute it was the contractor of the site on which Long was injured. Nor did Atlantic Homes dispute Long's injuries or the extent of his disability. Selective did not appear at the hearing.

The Single Commission found Atlantic Homes was Long's statutory employer and awarded temporary total benefits from the date of the injury through the date of the hearing unless Atlantic Homes or Selective were able to show by medical testimony that Long was able to work. The Single Commissioner gave Selective thirty days to explain its failure to appear.

Selective and Atlantic Homes then appealed the disability award to the Full Commission. Subsequently, Selective responded to the Single Commissioner regarding its failure to appear by admitting it had notice of the claim and the hearing but alleging that it failed to appear because its mail clerk had negligently failed to forward the notice from the Commission to the appropriate department within the company. The Single Commissioner signed an undated order vacating his prior disability award and excusing Selective's nonappearance at the hearing. As the appeal before the Full Commission was then pending, the order vacating the award was not filed.

The Full Commissioner affirmed the Single Commissioner's first order and sanctioned Selective for its failure to appear and defend the claim. Appeal was taken to the circuit court, which affirmed the Full Commissioner's order. Atlantic Homes and Selective appeal to this Court.

## LAW/ANALYSIS

First, the appellants contest the finding that Atlantic Homes was Long's statutory employer. The applicable statute provides:

> **Liability of contractor to workmen of subcontractor.**
> When any person, in this section and §§ 42-1-420 to 42-

1-450 referred to as "contractor," contracts to perform or execute any work for another person which is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section and §§ 42-1-420 to 42-1-450 referred to as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any of the work undertaken by such contractor, the contractor shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if that workman had been immediately employed by him.

S.C. Code Ann. § 42-1-410 (1985). The appellants contend the only evidence of the relationship between Atlantic Homes and Ed Miles was hearsay and insufficient to find a contractor-subcontractor relationship. However, in a letter from Atlantic Homes' attorney to Selective, Atlantic Homes admits the contractor-subcontractor relationship between itself and Miles.

The appellants further argue that Long was required to establish his immediate employer was financially irresponsible before bringing a claim against his statutory employer. Section 42-1-410 does not expressly require proof of the immediate employer's failure to pay. Rather, the contractor who is liable to pay compensation under the statutory employer doctrine is entitled to indemnity from the immediate employer and either may bring a separate action against him for indemnification or join him as a defendant in the action brought by the injured employee against the contractor. S.C. Code Ann. § 42-1-440 (1985). Additionally, the Act provides that "[n]othing in §§ 42-1-400 to 42-1-450 shall be construed as preventing a workman from recovering compensation under this Title from a subcontractor instead of from the principal contractor but he shall not collect from both." S.C. Code Ann. § 42-1-450 (1985). Thus, it is clear that the legislature did not intend to limit the injured employee to bringing actions against his immediate employer.

The effect of the above-cited statutory employee provisions is to impose the absolute liability of an immediate employer upon the owner and/or general contractor although it was not in law the immediate employer of the injured workman.

*Parker v. Williams and Madjanik, Inc.*, 275 S.C. 65, 267 S.E. (2d) 524 (1980). In *Parker*, we noted,

> [t]he manifest purpose [of these sections] is to afford the benefits of compensation to the men who are exposed to the risks of its business, and to place the burden of paying compensation upon the organizer of the enterprise. In consequence, both the owner and the contractors whom he engages to do his work are subjected to the requirements of the Act, and the workers receive *double protection.*

*Id.* at 73, 267 S.E. (2d) at 528 (emphasis added) (quoting *Blue Ridge Rural Elec. Coop. v. Byrd*, 238 F. (2d) 346 (4th Cir. 1956), *reversed on other grounds*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed. (2d) 958 (1958)).

In *Younginer v. J.A. Jones Construction Co.*, 215 S.C. 135, 54 S.E. (2d) 545 (1949), this Court noted the liability of a principal contractor was secondary in nature. *Id.* at 143, 54 S.E. (2d) at 548. The language of *Younginer*, however, merely recognizes that § 42-1-440 provides for indemnity for the contractor from the immediate employer and should not be interpreted to mean the contractor's liability arises only if the immediate employer fails to provide compensation. *Blue Ridge*, 238 F. (2d) at 356. Accordingly, we hold that an injured worker may bring a claim against either his or her immediate employer or his or her statutory employer, and the employer then may join the immediate employer or bring a separate action for indemnity. S.C. Code Ann. § 42-1-440 (1985).

The appellants further maintain the Full Commission erred in relying on Long's testimony to establish disability. We disagree. Unless the extent of loss is technically complicated, its determination need not rest on medical testimony alone. *Bundrick v. Powell's Garage and Wrecker Service*, 248 S.C. 496, 151 S.E. (2d) 437 (1966). Additionally, Atlantic Homes did not dispute Long's injuries or disability at the hearing.

Furthermore, the order which requires compensation to be paid to the point when the appellants can show, by medical testimony, Long is able to work did not impermissibly shift the burden of proof. Once a disability is es-

tablished, there is a presumption that it continues. Arthur Larson, *Larson's Workmen's Compensation Law*, § 80.33(d) at 15.888 (1992); *accord* S.C. Code Regs. 67-507 (1990).

Selective also appeals the sanction imposed. Selective does not dispute the amount of the sanction or the Full Commission's authority to impose sanctions for nonappearance. S.C. Code Regs. 67-608 (1990). It argues, however, that the sanction was inappropriate in this case. We disagree. The record clearly reflects Selective was aware of the claim and chose not to investigate or defend. Selective admits its first notice of this claim was in August 1989. Selective does not dispute it received notice of the hearing. There is no evidence indicating Selective made any effort to investigate the claim or respond in any way. Further, the record contains several letters from the attorney for Atlantic Homes to Selective urging Selective to defend this claim and threatening litigation. The letters in the record from Atlantic Homes' attorney to Selective indicate that Selective simply refused to respond to this claim in any manner, even after the hearing, until Atlantic Homes threatened litigation. Selective has offered no evidence to dispute what the record reflects. Accordingly, the Commission's sanction is affirmed. *Means v. Means*, 277 S.C. 428, 288 S.E. (2d) 811 (1982) (once a *prima facie* case of contempt is made, the burden falls on the contemnor to show defenses).

Finally, Selective's contention that the Full Commission failed to consider the Single Commissioner's order reversing himself is without merit. This order was signed after the appeal was taken to the Full Commission. Thus, the Single Commissioner was without jurisdiction to issue the reversal. Additionally, the Full Commission is the ultimate finder of fact. S.C. Code Ann. § 42-17-50 (1985); *Green v. Raybestos-Manhattan, Inc.*, 250 S.C. 58, 156 S.E. (2d) 318 (1967). Selective's arguments were presented to the Full Commission and rejected.

Accordingly, we affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.