23847

Margaret BOONE, Respondent v. HUNTINGTON AND GUERRY ELECTRIC CO., Petitioner. Albert E. BOONE, Respondent v. HUNTINGTON AND GUERRY ELECTRIC CO., Petitioner.

(430 S.E. (2d) 507)

Supreme Court

*Jack D. Griffeth,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for petitioner.*

*William L. Dodson, Jr.,* of *The Bowen Firm,* Greenville, *for respondents.*

Heard March 10, 1993; Decided May 3, 1993.

Reh. Den. June 9, 1993.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 416 S.E. (2d) 212 (Ct. App. 1992). We affirm.

## FACTS

This appeal involves two related causes of action, one for negligence and one for loss of consortium, arising from respondent Margaret Boone's injury at her place of work. Mrs. Boone sued petitioner (Electric Company) alleging it negligently ran a power line over a roadway to an electric sign at the J.P. Stevens plant where she worked. She was injured when she tripped and fell over the power line. Respondent Albert Boone sued for loss of consortium.

Electric Company answered claiming it was immune from suit and the Boones' actions were barred because Mrs. Boone had received workers' compensation benefits from J.P. Stevens. Both the Boones and the Electric Company moved for summary judgment on the issue of workers' compensation as the exclusive remedy in this case. The trial judge found Electric Company was not immune from suit and the Boones'

actions were not barred under the Workers' Compensation Act. The Court of Appeals affirmed.

## ISSUE

Whether the exclusivity provisions of §§ 42-1-540 and -5-10 extend immunity to a subcontractor sued for negligence by an owner's employee.

## DISCUSSION

Under S.C. Code Ann. § 42-1-400 (1985), when an owner contracts with a subcontractor to perform or execute any work which is a part of his trade, business, or occupation, the subcontractor becomes a "statutory employee" of the owner for the purposes of workers' compensation liability. Electric Company contends it is a statutory employee of J.P. Stevens and therefore a "statutory co-employee" of Mrs. Boone who is a J.P. Stevens' employee. Under § 42-5-10, a co-employee conducting his or her employer's business is immune from suit for negligence where the employer is immune under the Workers' Compensation Act. *Nolan v. Daley*, 222 S.C. 407, 73 S.E. (2d) 449 (1952). Here, as Mrs. Boone's employer, J.P. Stevens is immune under the Workers' Compensation Act. Electric Company therefore claims it should also be immune as a species of co-employee to Mrs. Boone.

Both the trial court and the Court of Appeals rejected this argument based on the principle that there should be no immunity from common law suit where there is no liability under the Workers' Compensation Act. A similar analysis has been used in other jurisdictions to conclude a subcontractor is not immune to suit by an owner's employee. *See, e.g., Johnson v. Alexander*, 419 So. (2d) 451 (La. 1982). This is the view held in the majority of jurisdictions. *See* 2A, Arthur Larson, *The Law of Workers' Compensation* § 72.32 (1990).

We need not address the merits of such an analysis since we find the language of § 42-1-540 dispositive here. Section 42-1-540 provides as follows:

### § 42-1-540. Employee's rights and remedies under Title exclude all others against employer.

The rights and remedies granted by this Title to an employee when he and his employer have accepted the pro-

visions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

*Provided, however, this limitation of actions shall not apply to injuries resulting from acts of a subcontractor of the employer or his employees* or bar actions by an employee of one subcontractor against another subcontractor or his employees when both subcontractors are hired by a common employer. (Emphasis added.)

The proviso in § 42-1-540, including the underscored language, was added to the statute in 1974 by S.C. Act No. 1956 which specifically states its intent to limit the bar on common law actions "so as to permit certain actions against subcontractors by employees of the person who hires such subcontractors." We find the proviso in § 42-1-540 dispositive of the issue here since it clearly makes an exception to the exclusivity provision of § 42-1-540 for an employee's action against the employer's subcontractor.

We need not address Electric Company's argument ■ that it qualifies as a statutory employee under § 42-1-540.[1] The inquiry whether a subcontractor qualifies as a statutory employee is relevant to determine an owner's workers' compensation liability to the subcontractor under § 42-1-400 but not to determine the subcontractor's immunity. The exception to immunity in § 42-1-540 applies to a subcontractor hired by the injured employee's employer whether or not that subcontractor qualifies as a statutory employee.

■ Electric Company also claims it is entitled to immunity under the language of § 42-5-10 which provides:

---

[1] to qualify as statutory employee under § 42-1-400, a subcontractor must demonstrate certain criteria have been met. Three tests are applied: (1) is the activity an important part of the owner's business; (2) is it a necessary, integral part of the business; and (3) has the identical activity been performed by employees of the principal employer? *Carter v. Florentine Corp.*, — S.C. —, 423 S.E. (2d) 112 (1992); *Ost v. Integrated Prod.*, 296 S.C. 241, 371 S.E. (2d) 796 (1988).

> Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter. While such security remains in force he *or those conducting his business* shall only be liable to any employee who elects to come under this Title for personal injury or death by accident to the extent and in the manner specified in this Title. (Emphasis added.)

Electric Company contends its was "conducting the business of" J.P. Stevens when it laid the electric line and therefore is entitled to share immunity under § 42-5-10.

This argument is without merit. We have previously held that "the protection of § 42-5-10 does not extend to independent contractors performing work pursuant to their contract with the employer of the injured person." *King v. Daniel International Corp.*, 278 S.C. 350, 296 S.E. (2d) 335, 336 (1982); *Parker v. Williams & Madjanik, Inc.*, 269 S.C. 662, 239 S.E. (2d) 487, 490 (1977). It is the contractural nature of the relationship between J.P. Stevens and Electric Company and not the nature of Electric Company's activity which determines whether it is entitled to share immunity under § 42-5-10.

The inquiry, in other words, is whether Electric Company is an independent contractor or an employee. *See Felts v. Richland Cty.*, 303 S.C. 354, 400 S.E. (2d) 781 (1991); *Tharpe v. G.E. Moore Co.*, 254 S.C. 196, 174 S.E. (2d) 397 (1970).[2] It is apparent here Electric Company is an independent contractor and not an employee, nor does Electric Company contend otherwise. As an independent contractor, Electric Company is not entitled to share J.P. Stevens' immunity under § 42-5-10. This conclusion is consistent with the exception to immunity for subcontractors specified in § 42-1-540.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[2] The test to determine status as an employee or independent contractor is a different inquiry than that to determine whether a subcontractor qualifies as a statutory employee. *Cf. Carter, Supra; Ost, supra.*