## 24116

FREEMAN MECHANICAL, INC., Appellant v.
J.W. BATESON CO., INC., Respondent.

(447 S.E. (2d) 197)

Supreme Court

*Charles E. Carpenter, Jr., Francis M. Mack,* and *Deborah L. Harrison,* of *Richardson, Plowden, Grier & Howser, P.A.,* Columbia, *for appellant.*

*Herbert W. Hamilton,* of *Kennedy, Covington, Lobdell & Hickman,* Rock Hill, *for respondent.*

Heard June 8, 1994.

Decided July 5, 1994.

TOAL, Justice:

Appellant, subcontractor, claims the circuit court erred in granting summary judgment to the respondent, prime contractor, on appellant's action for common-law indemnity where appellant paid workers' compensation benefits to its own employee for an on-the-job injury which was caused by the prime contractor's negligence. We affirm.

## FACTS

J. W. Bateson Co., Inc. ("Bateson") was the general contractor for the construction of the McCormick Correctional Institution. Freeman Mechanical, Inc. ("Freeman") was a subcontractor to Bateson. Freeman was hired to install the heating and air-conditioning portion of the project.

One of Freeman's employees was injured on the job. Freeman's workers' compensation carrier paid workers' compensation benefits to the employee. Freeman's workers' compensation carrier then sued Bateson for common-law indemnity claiming the injury occurred as a result of Bateson's sole negligence. Bateson claimed the Workers' Compensation Act con-

trolled, and Freeman did not have a common-law remedy.

Both parties filed for summary judgment. For the purpose of summary judgment, the parties stipulated that the injury to Freeman's employee was caused by the sole negligence of Bateson. The trial judge granted Bateson's summary judgment motion.

## LAW/ANALYSIS

Under the Workers' Compensation Act, the prime contractor is liable for workers' compensation where the subcontractor's employee is injured on the job. S.C. Code Ann. § 42-1-410 (1985). The doctrine of "statutory employee" is well developed in South Carolina. *See Long v. Atlantic Homes,* — S.C. —, 428 S.E. (2d) 711 (1993); *see also* S.C. Code Ann. § 42-1-410 (1985). The employee of the subcontractor may look to the prime contractor for workers' compensation benefits without regard to whether the subcontractor is covered by a workers' compensation insurance policy. *See Long v. Atlantic Homes,* — S.C. —, 428 S.E. (2d) 711 (1993); *see also* S.C. Code Ann. § 42-1-410 (1985). Where the prime contractor pays for the subcontractor's employee's injuries through the doctrine of "statutory employee," the prime contractor is entitled to indemnification from the subcontractor. S.C. Code Ann. § 42-1-440 (1985). Thus, under our workers' compensation scheme, the subcontractor is primarily liable and the prime contractor secondarily liable for workers' compensation benefits to the subcontractor's employee. *See Long v. Atlantic Homes,* — S.C. —, 428 S.E. (2d) 711 (1993).

While the prime contractor is secondarily liable for work-related injuries to the employees of the subcontractor, the subcontractor has no such secondary liability for employees of the prime contractor or employees of other subcontractors on the job. *See* S.C. Code Ann. § 42-1-540 (1985) (receipt of workers' compensation benefits no bar to suit in tort by injured employee of contractor against subcontractor or employee of subcontractor against other subcontractor or their employees); *see also* 2A Arthur Larson, *Larson's Workmen's Compensation Law* § 72.32 (1993). As no statutory obligation exists under the Workers' Compensation Act, the subcontractor does not enjoy the protection of the Act and may be sued in tort for injuries to the prime contrac-

tor or other subcontractor's employees. S.C. Code Ann. § 42-1-540. The majority rule is that one who has obligations under the Act enjoys the immunities under the Act. 2A Arthur Larson, *Larson's Workmen's Compensation Law* § 72.31 (1993).

The South Carolina Act entitles the prime contractor ■ to indemnifaction by the subcontractor for any workers' compensation benefits paid by the prime contractor in behalf of the subcontractor's employee. S.C. Code Ann. § 41-1-440 (1985). The purpose of this dual liability together with the assignment of primary liability and secondary liability is to provide as many employees with workers' compensation as possible, while recognizing that where the subcontractor has workers' compensation insurance, the contractor has indirectly paid the premiums through the contract price. *See Long v. Atlantic Homes*, — S.C. —, 428 S.E. (2d) 711 (1993); *see also* 2A Arthur Larson, *Larson's Workmen's Compensation Law* § 72.31(b) (1993).

Adopting Freeman's position would create a curious ■ result. Freeman could seek common-law indemnification from Bateson. Once Bateson indemnified Freeman, Bateson could exercise its statutory right to indemnification from Freeman under S.C. Code Ann. § 42-1-440 (1985). Clearly, the legislature did not intend such a circular result. We hold that because Bateson was potentially liable under the Act for workers' compensation benefits paid to Freeman's employee, Bateson also enjoys the immunity created by the Act from common-law claims. We affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.