2283

Billy DESKINS, Respondent v.
Wallace BOLTIN and MSI Construction Co., Inc., Appellants.

(454 S.E. (2d) 322)

Court of Appeals

---

*Heyward E. McDonald* and *Robert M. Cook, II* of *McDonald, McKenzie, Fuller, Rubin & Miller,* Columbia, *for appellants.*

*D. Michael Kelly,* of *Suggs & Kelly,* Columbia, *for respondent.*

Heard December 8, 1994.

Decided December 28, 1994; Reh. Den. Feb. 7, 1995.

*Per Curiam:*

Wallace Boltin and MSI Construction Co., Inc., appeal the denial of their motion to dismiss the negligence action brought against them by Billy Deskins. Boltin and MSI moved pursuant to Rule 12(b)(1), SCRCP, asserting the circuit court lacked subject matter jurisdiction over Deskins's claim because the workers' compensation act provided Deskins with an exclusive remedy. We affirm.

We entertain some doubt that Boltin and MSI can immediately appeal the denial of their motion to dismiss. *See Ballenger v. Bowen*, 313 S.C. 476, 443 S.E. (2d) 379 (1994) (overruling *Carter v. Florentine Corp.*, 310 S.C. 228, 423 S.E. (2d) 112 (1992), to the extent *Carter* is inconsistent with the holding that an order denying a motion for summary judgment is not appealable because it does not finally decide anything about the merits of a case and does not have the effect of striking any defense because that defense may be raised again later in the proceedings); *McLendon v. South Carolina Dep't of Highways and Pub. Transp.*, 313 S.C. 525, 443 S.E. (2d) 539 (1994) (the denial of a motion to dismiss does not establish law of the case and is not directly appealable for the same reasons given in *Ballenger* regarding a motion for summary judgment). Nonetheless, we choose to address the merits of their appeal, primarily because our precise holding in *Woodard v. Westvaco Corp.*, 315 S.C. 329, 433 S.E. (2d) 890 (Ct. App. 1993), *cert. granted*, (S.C. Sup. Ct. filed April 23, 1994) (Davis Adv. Sh. No. 9), a case in which we held an interlocutory order in a workers' compensation case denying a motion for summary judgment, which we treated as a motion to dismiss for lack of subject matter jurisdiction, was immediately appealable, has not been overruled to date.

The facts here are rather straightforward.

Deskins worked for Kennecott-Ridgeway Mining Company. The latter entered into a contract with MSI under which MSI agreed to provide maintenance and repair services at Kennecott-Ridgeway's facility in Ridgeway, South Carolina. While fulfilling this contract, Boltin, an MSI employee, attempted to unload steel pipe from a truck. One of the pipes caught the corner of the truck, causing other pipes to strike Deskins and injure his legs. Deskins later collected worker's compensation benefits from Kennecott-Ridgeway.

Boltin and MSI contend that, because they were employees of Kennecott-Ridgeway and thus were co-employees of Deskins, they were immune from suit under S.C. Code Ann. § 42-5-10 (1985). *Parker v. Williams & Madjanik, Inc.*, 269 S.C. 662, 239 S.E. (2d) 87 (1977); *Boykin v. Prioleau*, 255 S.C. 437, 179 S.E. (2d) 599 (1971). This argument raises the question of whether Deskins's claim was limited to the worker's compensation act.

The protection afforded by section 42-5-10, while available to co-employees, is not available to an independent contractor that performs work pursuant to a contract with the injured person's employer. *Boone v. Huntington and Guerry Elec. Co.*, 311 S.C. 550, 430 S.E. (2d) 507 (1993). In *Boone*, the supreme court held it is the contractual nature of the relationship and not the nature of the activity that determines whether a party is entitled to share immunity under section 42-5-10. Our inquiry here, then, is whether MSI, Boltin's employer, was an independent contractor or was Kennecott-Ridgeway's employee.

At the hearing on the motion to dismiss, counsel for Boltin and MSI noted the contract between Kennecott-Ridgeway and MSI "is not going to be introduced into evidence." He went on to state he did not want "to waive any right to object to arguments based on [the contract] because it is not in evidence." Even so, counsel for Boltin and MSI acknowledged the contract, which the trial court never received in evidence, contained "language that MSI was an independent contractor."

As the hearing on the motion to dismiss neared its conclusion, the trial court expressed concern "that the contract itself is not in evidence and it isn't evidence. Later, however, the trial court in its written order pointed to the admission by Boltin and MSI "in their Memorandum in Support of Its [sic] Motion that the maintenance and repair contract designated MSI as an independent contractor." Based on this admission, the trial court held MSI was an independent contractor and not an employee and Deskins, therefore, could properly maintain a negligence action against Boltin and MSI separate and apart from the worker's compensation act.

The trial court hinged its decision regarding the nature of the relationship that existed between Kennecott-Ridgeway and MSI at the time of Deskins's injury on

the description that Boltin and MSI admitted the contract assigned to the relationship. After Boltin and MSI received the trial court's order, however, they made no motion to alter or amend the order pursuant to Rule 59(e), SCRCP, to delete reference to the contract provision on the ground the contract provision was not a fact in evidence that the trial court could consider. Boltin and MSI, therefore, waived any issue that the trial court improperly considered evidence that had not been introduced by failing to raise the issue before the trial court. see *Pelican Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton,* 311 S.C. 56, 427 S.E. (2d) 673 (1993) (wherein the supreme court held an appellant to have waived an issue of nonconformity between an oral order and a subsequent written order by failing to raise the issue before the trial court pursuant to Rule 59(e), SCRCP, after receipt of the allegedly nonconforming written order).

Aside from Boltin and MSI's failure to make a motion to alter or amend, their acknowledgment at the hearing on the motion to dismiss and their admission in their post-hearing memorandum amounted to a concession of the fact that the written contract, which itself was not in evidence and to which Boltin and MSI objected being received in evidence, contained language that defined MSI as an independent contractor of Kennecott-Ridgeway. A concession of a fact ordinarily has the force and effect of an established fact. 31A C.J.S. *Evidence* § 351, at 923 (1964). Boltin and MSI are therefore bound by their concession.

Because of the contract defines the relationship between Kennecott-Ridgeway and MSI as a relationship in which MSI, a subcontractor, occupied the status of an independent contractor and not that of an employee, we hold the trial court correctly viewed MSI as an independent contractor; therefore, MSI and Boltin, an MSI employee, are not immune from the negligence action Deskins, a Kennecott-Ridgeway employee, brought against them. *Boone,* — S.C. —, 430 S.E. (2d) 507; See *King v. Daniel Int'l Corp.,* 278 S.C. 350, 296 S.E. (2d) 335 (1982) (holding a party to be an independent contractor solely because the contract designated it as such); *cf.* S.C. Code Ann. § 42-1-540 (1985) (the limitation of actions contained in this statute "shall not apply to injuries resulting from acts of a subcontractor of employer or his employees.").

Affirmed.

Cureton, Goolsby and Connor, JJ., concur.