24301

Billy DESKINS, Respondent v. Wallace BOLTIN and
MSI Construction Co., Inc., Petitioners.

(461 S.E. (2d) 395)

Supreme Court

---

*Heyward E. McDonald* and *Robert M. Cook, II,* both of *Mc-Donald, McKenzie, Rubin, Miller and Lybrand,* Columbia, *for petitioners.*

*D. Michael Kelly,* of *Suggs & Kelly, P.A.,* Columbia, *for respondent.*

Submitted July 27, 1995.

Decided Aug. 21, 1995.

*Per Curiam:*

This matter is before the Court on a petition for a writ of certiorari seeking review of the Court of Appeals' decision in *Deskins v. Boltin,* 317 S.C. 310, 454 S.E. (2d) 322 (Ct. App. 1994). We grant certiorari, dispense with further briefing, dismiss the appeal and vacate the opinion of the Court of Appeals.

Respondent was employed by Kennecott-Ridgeway Mining Company. Kennecott-Ridgeway entered into a contract with petitioner MSI Construction Company for maintenance and repair services at the mining facility. Respondent was injured when petitioner Boltin, an employee of MSI was unloading steel pipe from a truck. Respondent recovered Workers' Compensation benefits from Kennecott-Ridgeway and then brought this negligence action against petitioners.

Petitioners moved pursuant to Rule 12(b)(1), SCRCP, to dismiss the action on the ground that the action was barred by the exclusivity provision of the Workers' Compensation Act. The motion was denied.

On appeal, the Court of Appeals initially expressed some reservation about the appealability of the order, but proceeded to address the merits of the case since its decision in *Woodard v. Westvaco Corp.,* 315 S.C. 329, 433 S.E. (2d) 890 (Ct. App. 1993) had not been overruled.

However, this Court recently overruled the Court of Appeal's decision in *Woodard v. Westvaco Corp.* and held that the denial of a motion to dismiss for lack of subject matter jurisdiction is not immediately appealable. *Woodard v. Westvaco Corp.,* 319 S.C. 240, 460 S.E. (2d) 392 (1995). Accordingly, we

dismiss this appeal and vacate the opinion of the Court of Appeals in this matter.