478 S.E.2d 91

Samuel Terran NEESE, Appellant,

v.

MICHELIN TIRE CORPORATION and South Carolina Vocational Rehabilitation, Defendants,

Of Whom Michelin Tire Corporation is Respondent.

No. 2578.

Court of Appeals of South Carolina.

Heard Sept. 10, 1996.
Decided Oct. 14, 1996.
Rehearing Denied Feb. 21, 1997.

468

H.W. Pat Paschal, Jr., of Miller & Paschal, Greenville, for appellant.

N. Heyward Clarkson, III, of Clarkson & Fortson, Greenville, for respondent.

HOWELL, Chief Judge:

Samuel Terran Neese (Neese) appeals from the circuit court's order concluding that Neese's action against Michelin Tire Corporation (Michelin) was barred by the exclusivity provision of the South Carolina Workers' Compensation Act. We affirm.

## I.

In 1991, Neese was employed as a truck driver by Vanguard Services, Inc. (Vanguard), an interstate trucking company. Prior to December 1991, Vanguard and Michelin entered into a contract whereby Vanguard agreed to transport certain semi-finished products and packaging materials to and from Michelin's various facilities. Paragraph ten of the contract states:

> Vanguard is an independent contractor of Lessee (Michelin) and nothing in this Agreement or in the relationship between Vanguard or its drivers, and Lessee shall be found to constitute otherwise. Vanguard shall have sole control over its employees including, but not limited to, the method and amount of wage and benefit payments, and control of all hiring, firing or discipline of employees as well as all policies and procedures related to all other terms and conditions of employment. In acknowledgment that Vanguard drivers are Vanguard's employees only, Vanguard will have each employee, performing duties pursuant to this Agreement, individually read and sign a separate document entitled "Waiver of Employment and Non-disclosure Agreement" ..., stating that he/she works for Vanguard and not for Michelin Tire Corporation, and that he/she makes no claim for coverage by, or participation in, any Michelin Tire Corporation benefit or right.

As to workers' compensation insurance, the contract provides that "Workers' Compensation and Unemployment insurance is the sole responsibility of Vanguard with no concurrent responsibility imposed upon Lessee for employees of Vanguard." The contract further requires each Vanguard employee to execute a "Waiver of Employment and Nondisclosure Agree-

ment" stating that the employee works for Vanguard and not for Michelin and that the employee "makes no claim for coverage by, or participation in, any Michelin Tire Corporation benefit or right."

Michelin operates a plant in Sandy Springs, South Carolina, where it converts raw materials into semi-finished products utilized in the manufacture of tires. The semi-finished products are packaged and/or placed in containers, such as spools, pallets, and racks, which are then transported to Michelin tire manufacturing plants. Generally, after the semi-finished products have been used by the manufacturing plant, the empty containers and packaging are transported to the Sandy Springs plant for re-use. In this case, steel spools were first transported to the Anderson Vocational Rehabilitation Center (AVRC), where the spools were unloaded and stripped of any remaining steel cable, and then loaded into trailers for transport back to the Sandy Springs plant for re-use.

On December 20, 1991, Neese was attempting to unload the steel spools and was injured when he opened the truck doors and the spools fell on him.[1] Neese received workers' compensation benefits from Vanguard for his injuries. Thereafter, Neese filed this action, contending Michelin employees negligently stacked the steel spools, causing his injuries.[2] Michelin sought to dismiss Neese's claim, contending that Neese was its statutory employee, and, therefore, his claim was barred by the exclusivity provision of the Act. The circuit court agreed, and dismissed Neese's claims against Michelin. This appeal followed.

## II.

On appeal, Neese first argues that "independent contractor" and "statutory employee" are mutually exclusive categories.

---

1. In his brief, Neese contends that at the time of his injury, he was transporting the spools from the Sandy Springs plant to AVRC for stripping. However, Michelin contends, and the trial court's order states, that Neese was transporting empty spools from AVRC to the Sandy Springs plant when he was injured. Whether Neese was injured at AVRC or the Sandy Springs plant is not relevant to the issues involved in this appeal.

2. Neese's claims against South Carolina Vocational Rehabilitation were dismissed by order dated November 29, 1995, before the hearing on Michelin's motion to dismiss.

Accordingly, because Neese was an independent contractor as to Michelin, Neese contends he could not have been Michelin's statutory employee. We disagree.

Coverage under the Workers' Compensation Act is generally dependent on the existence of an employer-employee relationship. *McDowell v. Stilley Plywood Co.*, 210 S.C. 173, 182, 41 S.E.2d 872, 876 (1947) ("In the absence of a statutory provision to the contrary, an injured person who is not an employee, but an independent contractor for the work, is not within the scope of a compensation act."); *McLeod v. Piggly Wiggly Carolina Co.*, 280 S.C. 466, 469, 313 S.E.2d 38, 39 (Ct.App.1984) ("No award under the Workers' Compensation Law is authorized unless the employer-employee or master-servant relationship existed at the time of the alleged injury for which claim is made."). There are, however, certain statutory exceptions to this general rule.

One of these exceptions is found in section 42–1–400 of the Act, which, under some circumstances, imposes liability on employer or business owner for the payment of compensation benefits to a worker not directly employed by the employer:

When any person, in this section and §§ 42–1–420 and 42–1–430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 42–1–420 to 42–1–450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

S.C.Code.Ann. § 42–1–400 (1985). Thus, depending on the nature of the work performed by the subcontractor, an employee of a subcontractor may be considered to be a statutory employee of the owner or upstream employer. The statutory employee provisions of the Act are intended to

afford the benefits of compensation to the men who are exposed to the risks of its business, and to place the burden of paying compensation upon the organizer of the enter-

prise. In consequence, both the owner and the contractors whom he engages to do his work are subjected to the requirements of the Act, and the workers receive double protection.

*Parker v. Williams & Madjanik, Inc.,* 275 S.C. 65, 73, 267 S.E.2d 524, 528 (1980).

If a worker is properly classified as a statutory employee, his sole remedy for work-related injuries is to seek relief under the Workers' Compensation Act; he may not maintain a negligence cause of action against his direct employer or his statutory employer. S.C.Code Ann. § 42–1–540 (1976 and Supp.1995); *Carter v. Florentine Corp.,* 310 S.C. 228, 230–31, 423 S.E.2d 112, 113 (1992) (exclusivity provision of Workers' Compensation Act extends to direct and statutory employees), *overruled on other grounds, Ballenger v. Bowen,* 313 S.C. 476, 443 S.E.2d 379 (1994); *Parker,* 275 S.C. at 74, 267 S.E.2d at 527 (statutory employers are immune from a tort action brought by a statutory employee); *Bell v. South Carolina Elec. & Gas Co.,* 234 S.C. 577, 582, 109 S.E.2d 441, 443 (1959) (where the plaintiff was an employee of contractor performing work that was part of the owner's business, trade or occupation, and collected compensation benefits from the contractor, the plaintiff's common law action against the owner, his statutory employer, was barred by the exclusivity provision of the Act).

 Whether a worker is a statutory employee is a jurisdictional inquiry to be resolved by the court. *Adams v. Davison–Paxon Co.,* 230 S.C. 532, 543, 96 S.E.2d 566, 571 (1957); *Hairston v. Re: Leasing, Inc.,* 286 S.C. 493, 496, 334 S.E.2d 825, 826 (Ct.App.1985). To determine whether the work performed by a subcontractor is a part of the owner's business within the meaning of section 42–1–400, this Court must consider whether (1) the activity of the subcontractor is an important part of the owner's trade or business; (2) the activity performed by the subcontractor is a necessary, essential, and integral part of the owner's business; or (3) the identical activity performed by the subcontractor has been performed by employees of the owner. *Smith v. T.H. Snipes & Sons, Inc.,* 306 S.C. 289, 292, 411 S.E.2d 439, 440 (1991). If any one of these tests is satisfied, the injured worker is

considered the statutory employee of the owner. *Riden v. Kemet Elecs. Corp.*, 313 S.C. 261, 263, 437 S.E.2d 156, 158 (Ct.App.1993). Any doubts as to a worker's status are to be resolved in favor of coverage under the Act. *Id.*

■ In this case, the evidence presented by the parties supports the trial court's conclusion that the work being performed by Vanguard was part of Michelin's business within the meaning of section 42–1–400. Michelin is in the business of manufacturing tires, and the Sandy Springs plant converts raw materials into semi-finished products used by Michelin in the manufacturing process. Clearly, the packaging and transportation of these semi-finished products to Michelin's manufacturing plant is an integral part of Michelin's business, given that the tires could not be manufactured without the use of the semi-finished products. Likewise, the transporting of packaging materials necessary for the transportation of the semi-finished products is an integral part of Michelin's business. Accordingly, this Court concludes that the activities performed by Vanguard are a part of Michelin's trade, business, or occupation.

■ Neese, however, argues that, regardless of the nature of the activities performed by Vanguard, he cannot be a statutory employee of Michelin, because he is an independent contractor of Michelin. We disagree.

■ Section 42–1–400 extends workers' compensation coverage to injured "workmen" of a subcontractor performing work which is part of the owner's trade, business, or occupation. Our Supreme Court has made clear that "workman" as used in section 42–1–400 is synonymous with "employee." *McDowell*, 210 S.C. at 182, 41 S.E.2d at 876. Section 42–1–400, therefore, imposes liability on an upstream employer if the injured worker is an employee of the *subcontractor*, but not if the worker is an independent contractor of the *subcontractor*. *See McDowell*, 210 S.C. at 183, 41 S.E.2d at 876 (reversing award of workers' compensation benefits because the injured worker was an independent contractor of subcontractor rather than employee of subcontractor). The fact that the subcontractor, and, by extension, the subcontractor's employees, may be independent contractors as to the upstream

employer does not preclude the application of section 42–1–400:

> Once it is established that the work being done by the subcontractor was a part of the general business of the owner within the meaning of [the precursor to 42–1–400], even though the subcontractor might occupy the status of an independent contractor, the *employees* of the subcontractor so engaged are limited ... to the exclusive remedy of the Workmen's Compensation Act.

*Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 10–11, 132 S.E.2d 18, 22 (1963) (emphasis added). *Accord Bailey v. Owen Elec. Steel Co. of S.C.*, 298 S.C. 36, 38, 378 S.E.2d 63, 64 (Ct.App.1989) (Where subcontractor's activities were part of the owner's general business or trade, an employee of the subcontractor was considered a statutory employee of the owner, even though the subcontractor was an independent contractor), *reversed on other grounds*, 301 S.C. 399, 392 S.E.2d 186 (1990); *Murray v. Aaron Mizell Trucking Co.*, 286 S.C. 351, 355, 334 S.E.2d 128, 130 (Ct.App.1985) (Under section 42–1–400, any contractor for whom a subcontractor undertakes to perform a part of the contractor's trade, business or occupation is liable to pay compensation benefits to an injured employee of the subcontractor in the same manner as if the employee had been employed by the principal contractor, even if the employee's immediate employer is also an independent contractor). Thus, the nature of Vanguard's and Neese's relationship with Michelin is not relevant to the determination of whether Neese is a statutory employee of Michelin. Instead, what *is* relevant to the determination is the nature of the activities performed by Vanguard, and the nature of Neese's relationship with Vanguard. *Bridges*, 243 S.C. at 10–11, 132 S.E.2d at 22.

In support of his argument that his status as an independent contractor prevents him from being a statutory employee, Neese largely relies on *Smith v. Squires Timber Co.*, 311 S.C. 321, 428 S.E.2d 878 (1993). In that case, Squires Timber Company, a timber supplier, engaged independent logging companies to cut and haul timber to its customers. Squires contracted with the Randy Brown Logging Company to cut and deliver timber, and Brown in turn contracted with Smith to deliver cut timber. Unlike Brown's regular employees,

Smith used his own equipment, worked when he chose, and was paid based on his production. Brown withheld no employee deductions from Smith's pay. Smith was killed in a highway accident while returning to Squire's logging site with a load of rejected timber. Smith's wife and child filed for workers' compensation benefits, alleging that Smith was an employee of either Brown or Squires. The single commissioner concluded that Smith was an independent contractor and not an employee of Brown, and that Smith was neither an employee nor a statutory employee of Squires. Accordingly, the commissioner denied benefits to Smith's family. His decision was affirmed by the full commission and the circuit court.

Smith's family appealed the decision denying benefits to this Court. While their appeal was pending, our Supreme Court held in *Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 411 S.E.2d 439 (1991), that section 42-1-400 did not preclude the classification of a subcontractor as a statutory employee. Relying on *Snipes*, this Court remanded *Squires Timber* to the commission for consideration of whether Smith, although an independent contractor of Brown, also could have been a statutory employee of Brown. The Supreme Court reversed this Court, finding that, as a general rule, independent contractors or subcontractors are not included under the Workers' Compensation Act. *Squires Timber*, 311 S.C. at 324, 428 S.E.2d at 880. Citing *Snipes*, the Supreme Court noted that S.C.Code Ann. § 42-1-130 creates a narrow exception to the general rule by allowing an independent contractor or subcontractor to become an "employee" by electing coverage under his business's workers' compensation benefits.[3] *Id.* The Supreme Court found this exception did not apply to Smith because he did not own a business, did not carry workers' compensation for his employees, and thus could not elect coverage under section 42-1-130. The Supreme Court there-

---

3. Section 42-1-130 of the Act provides that any "sole proprietor or partner of a business whose employees are eligible for benefits under this title may elect to be included as employees under the workers' compensation coverage of the business." S.C.Code Ann. § 42-1-130 (Supp.1995). If the sole proprietor or partner of such a business properly elects coverage, he is entitled to receive benefits under the Act and is subject to the responsibilities imposed by the Act, just as any other covered employee. *Id.*

fore concluded that Smith, as an independent contractor not falling within the *Snipes* exception, was excluded from coverage under the Workers' Compensation Act. 311 S.C. at 325, 428 S.E.2d at 880.

While the Supreme Court's opinion in *Squires Timber* does contain some rather broad language, this Court does not believe it stands for the proposition that an independent contractor can never be a statutory employee under section 42–1–400, as Neese contends. The worker in *Squires Timber* was an independent contractor, not an employee, of the subcontractor. Therefore, because he was not an employee of the subcontractor, he could not be characterized as a statutory employee of the upstream employer. Moreover, because the injured worker did not own a business, he could not have elected workers' compensation coverage under section 42–1–130. Accordingly, this Court understands *Squires Timber* to be an application of the above-discussed rule that where the injured worker is an independent contractor rather than an employee of the subcontractor, the injured worker cannot be considered a statutory employee of an upstream employer.

Neese's argument that section 42–1–400 applies only to injured workers who can be considered employees of the upstream employer is inconsistent with established case law and, more importantly, renders section 42–1–400 of the Act meaningless. Employees of a business are entitled to workers' compensation benefits under the general provisions of the Act. If Neese's construction of the Act were correct, section 42–1–400 would be unnecessary, because all employees of the upstream employer are already covered under the Act. *See Marchbanks v. Duke Power Co.,* 190 S.C. 336, 343, 2 S.E.2d 825, 828 (1939) ("If it [the precursor to section 42–1–400] does not apply to an employee of an independent contractor, where such independent contractor is engaged in the trade, business or occupation of the owner, to what does it apply? Does it only apply where such employee is the servant of the owner? Surely not, because such a situation has already been covered by the general provisions of the Act. This paragraph must be construed to have been enacted for some purpose."). Thus, while Vanguard and Neese may well be independent contractors rather than employees as to *Michelin,* this fact is not relevant to the determination of Neese's status as a statutory

employee of Michelin. As section 42–1–400 and the cases interpreting it make clear, an injured worker's status as a statutory employee is dependent on the nature of the work being performed by the subcontractor and the injured worker's employment status with regard to the *subcontractor*. Here, Neese concedes he was an employee of Vanguard. Therefore, because Vanguard was performing Michelin's business within the meaning of section 42–1–400, Neese, as an employee of Vanguard, is considered a statutory employee of Michelin.[4]

## III.

■ Neese also contends that the trial court erred by looking solely to the nature of the activities performed by Vanguard and failing to consider the effect of the contract between Michelin and Vanguard. According to Neese, it is the contract between the parties, and not the nature of the activities performed under the contract, that controls the determination of whether Neese is a statutory employee of Michelin. In support of this argument, Neese relies on *Boone v. Huntington & Guerry Electrical Co.*, 311 S.C. 550, 430 S.E.2d 507 (1993) and *Deskins v. Boltin*, 317 S.C. 310, 454 S.E.2d 322 (Ct.App.1994).[5] These cases, however, involve the scope of the Act's immunity granted to co-employees, and thus are not applicable to cases involving a determination of the statutory employee issue.

■ Under section 42–5–10 of the Workers' Compensation Act, the immunity from common law actions granted to the employer by the Act also extends to a co-employee conducting the employer's business.[6] Thus, an employee injured by

---

4. Accordingly, Neese's argument that the case must be remanded because the trial court failed to make a finding of fact as to Neese's status as an independent contractor with regard to Michelin is without merit.

5. The Supreme Court vacated this Court's opinion in *Deskins*, concluding that the trial court's order was not appealable. *Deskins v. Boltin*, 319 S.C. 356, 461 S.E.2d 395 (1995).

6. Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter. While such security remains in

the actions of a co-employee conducting the employer's business may not proceed in tort against the co-employee. *Nolan v. Daley,* 222 S.C. 407, 73 S.E.2d 449 (1952). In *Boone,* the case relied upon by Neese, a J.P. Stevens employee brought an action against a J.P. Stevens subcontractor, contending the subcontractor's negligence caused her injuries. The subcontractor argued it was a statutory employee of J.P. Stevens; therefore, as a co-employee of the plaintiff, it was entitled to immunity under section 42–5–10. *Boone,* 311 S.C. at 552, 430 S.E.2d at 508. The Supreme Court rejected this argument, holding that the immunity granted by section 42–5–10 extends only to other *employees* of the employer, not independent contractors. The Court concluded that, for purposes of determining immunity under section 42–5–10, "[i]t is the nature of the contractual relationship between J.P. Stevens and [the subcontractor] and not the nature of [the subcontractor's] activity which determines whether [the subcontractor] is entitled to share immunity under section 42–5–10." *Id.* at 554, 430 S.E.2d at 509. The Court specifically declined to address the statutory employee issue, stating that although a subcontractor's status as a statutory employee is relevant to determining an upstream employer's liability for compensation benefits, it is not relevant to a determination of the subcontractor's immunity under section 42–5–10. *Id.* at 553, 430 S.E.2d at 509.

The issue before this Court is Neese's status as Michelin's statutory employee; there is no question about Vanguard's immunity from an action brought by one of Michelin's employees. As the *Boone* court noted, the determination of a subcontractor's immunity as a co-employee is unrelated to the determination of a subcontractor's employee's status as a statutory employee. Accordingly, *Boone* and the other cases involving a subcontractor's immunity under section 42–5–10 are inapplicable to the case at bar, and do not affect the conclusion that Neese is Michelin's statutory employee.

---

force he or *those conducting his business* shall only be liable to any employee who elects to come under this Title for personal injury or death by accident to the extent and in the manner specified in this Title.

S.C.Code Ann. § 42–5–10 (1985) (emphasis added).

Moreover, even if this Court were to accept the contract's declaration that Vanguard is an independent contractor and not an employee of Michelin,[7] it would not affect the conclusion that Neese is a statutory employee of Michelin. As discussed above, Vanguard's status as an independent contractor as to Michelin does not preclude the classification of Neese as Michelin's statutory employee. *See Bridges,* 243 S.C. at 10–11, 132 S.E.2d at 22; *Bailey,* 298 S.C. at 38, 378 S.E.2d at 64; *Murray,* 286 S.C. at 355, 334 S.E.2d at 130.

In his Reply brief, Neese further argues that if he had sought to recover compensation benefits from Michelin, Michelin would have relied on the contract to avoid responsibility. Thus, Neese contends that Michelin should not be able to seek the benefit of the immunity conferred by the Act when it has contracted away its obligation to provide benefits under the Act. While this argument may have certain emotional appeal, it fails nonetheless.

■ The immunity granted by the Act parallels the liability imposed by the Act. *Freeman Mechanical, Inc. v. J.W. Bateson Co.,* 316 S.C. 95, 98, 447 S.E.2d 197, 199 (1994) ("The majority rule is that one who has obligations under the Act enjoys the immunities under the Act."). However, immunity under the Act is not limited only to those who have actually paid benefits; rather, the Act extends immunity to those who are *potentially* responsible for providing workers' compensation benefits. *Id.* (although compensation benefits were paid by injured worker's immediate employer, the prime contractor, as worker's statutory employer, was potentially liable to worker and, therefore, was entitled to the Act's immunity from common law claims); *Brittingham v. Williams Sign Erectors, Inc.,* 299 S.C. 259, 263, 384 S.E.2d 319, 321 (Ct.App. 1989) (the Act "relieve[s] those who might be potentially liable to provide compensation from tort liability.").

---

7. *But see Kilgore Group, Inc. v. South Carolina Employment Sec. Comm'n,* 313 S.C. 65, 68–69, 437 S.E.2d 48, 50 (1993) (While a contract entered into by the parties must be considered, language in the contract declaring the relationship to be that of an employer/independent contractor is not dispositive, because the parties do not control the legal effect of their contract.).

Here, because Neese was Michelin's statutory employee, Michelin was potentially liable for the payment of benefits to Neese. *Bateson*, 316 S.C. at 97, 447 S.E.2d at 199 (upstream employer is secondarily liable for payment of compensation benefits to a statutory employee). It may be that the contract between Michelin and Vanguard created certain indemnification rights between the parties that otherwise would not have existed; however, the contract cannot operate to relieve Michelin of its statutory workers' compensation obligations. *See* S.C.Code Ann. § 42–1–610 (1985) ("No contract or agreement, written or implied, ... shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this Title except as otherwise expressly provided in this Title."). Likewise, any waiver executed by Neese in accordance with the contract between Michelin and Vanguard could not deprive Neese of his statutory right to seek compensation benefits from Michelin as his statutory employer. *See* S.C.Code Ann. § 42–1–620 (1985) ("No agreement by an employee to waive his rights to compensation under this Title shall be valid."); *Long v. Atlantic Homes*, 311 S.C. 237, 241, 428 S.E.2d 711, 713 (1993) (injured worker may bring a claim against either his immediate employer or his statutory employer). Therefore, notwithstanding the contractual provisions to the contrary, Michelin had potential liability to Neese under the Workers' Compensation Act, and Michelin thus is entitled to the protection of the Act's immunity from suit.[8]

---

**8.** The fact that Michelin has not paid any benefits to Neese does not prevent Michelin from asserting the immunity conferred by the Act. In *Parker v. Williams & Madjanik, Inc.*, 275 S.C. 65, 267 S.E.2d 524 (1980), the injured worker received compensation benefits from his immediate employer, a subcontractor, and then filed a negligence action against two upstream employers. The Court held that the tort action was barred by the Act, because the injured worker was the statutory employee of the upstream employers. The Supreme Court noted that

[t]he fact that [neither of the upstream employers] had to pay the benefits provided is of no consequence. As a practical matter both absorbed the cost of coverage through their contracts with those who agreed to actually perform the work. This seems to have been the General Assembly's intent when it enacted [the statutory employee provisions of the Act]. The owner who obtains the benefit of the work inevitably absorbs the costs of providing protection for the workers. In return, the employer receives immunity from other remedies which ordinarily might be sought by the employee.

Accordingly, for the foregoing reasons, the trial court's dismissal of Neese's action against Michelin is hereby

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.

275 S.C. at 74, 267 S.E.2d at 528.