523 S.E.2d 763

**Madison GLOVER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Jim Vance, Plaintiff,**

v.

**United States of America, Defendant.**

**No. 25017.**

Supreme Court of South Carolina.

Heard March 16, 1999.

Decided Nov. 22, 1999.

Rehearing Denied Dec. 14, 1999.

Gedney M. Howe, III, of Charleston, for plaintiffs.

United States Attorney J. Rene Josey, and Assistant United States Attorney John H. Douglas, of Charleston, for defendants.

TOAL, Justice:

In this tort suit brought under the Federal Tort Claims Act, the federal district court, by way of certified question, asked this Court to clarify "statutory employer" immunity under the South Carolina Workers' Compensation Act.

## FACTUAL/PROCEDURAL BACKGROUND

The United States ("Defendant") contracted with White–Infinger Joint Venture to perform a major construction and renovation project on a barracks building at the Charleston Air Force Base. White–Infinger subcontracted with Carolina Builders of Florida, the employers of plaintiffs Glover and Vance ("Plaintiffs"), to perform the roofing work on the building. Both White–Infinger and Carolina Builders represented that they carried workers' compensation insurance. However, Defendant neither purchased its own workers' compensation insurance nor qualified as a self insurer under the South Carolina Workers' Compensation Act (the "Act").

On January 9, 1995, Plaintiffs were injured when a piece of metal flashing held by Glover came into contact with a high-voltage power line. Plaintiffs filed claims and received workers' compensation benefits from their direct employer. Plaintiffs also sought damages in tort from Defendant under the Federal Tort Claims Act. Defendant moved for summary judgment, arguing that it should be considered a "statutory employer," thus entitling it to immunity from suit in tort under S.C.Code Ann. § 42–1–540 (1985). Before the federal court ruled on Defendant's summary judgment motion, the South Carolina Court of Appeals filed its decision in *Harrell v. Pineland Plantation, Inc.,* 329 S.C. 185, 494 S.E.2d 123 (Ct. App.1997).

Pursuant to Rule 228, SCACR, the federal district court certified the following question to this Court:

In light of the South Carolina Court of Appeals' decision in *Harrell v. Pineland Plantation, Inc.,* must an owner within the meaning of S.C.Code § 42–1–400 have either directly purchased insurance to cover his potential workers' compensation liabilities or have qualified as a self-insurer (as set forth in S.C.Code § 42–5–20) before the owner may claim

immunity from suit in tort by an injured worker of his contractor or subcontractor pursuant to the "exclusive remedy" provisions of the Workers' Compensation Act?

## LAW/ANALYSIS

Plaintiffs argue that a statutory employer must secure the payment of compensation in compliance with S.C.Code Ann. § 42–5–20 (1985) in order to claim statutory immunity under the Act. We agree.

In *Harrell*, the Court of Appeals held that the statutory employer, Pineland, could not claim immunity under the Act because it did not secure the payment of compensation as required by sections 42–5–10 & –20. We have subsequently affirmed the Court of Appeals on this point. *See Harrell v. Pineland Plantation*, 337 S.C. 313, 523 S.E.2d 766 (1999).

In *Harrell*, we noted that when the elements of S.C.Code Ann. § 42–1–400 (1985) are satisfied, an "owner," in effect, becomes the employee's "statutory employer," even though in law the owner is not the immediate employer of the injured worker. *Harrell, supra; see also Parker v. Williams & Madjanik, Inc.*, 275 S.C. 65, 267 S.E.2d 524 (1980). In other words, an owner is equated to an employer for purposes of the Act. The defendant in this case, like the defendant in *Harrell*, argues that a statutory employer may claim tort immunity under S.C.Code 42–1–540 (1985), while at the same time avoiding an employer's obligation to secure the payment of compensation as required by sections 42–5–10 & –20 of the Act. We rejected this argument in *Harrell* and also reject it here.

Under the Act, the basic duty of any employer, whether it be the direct employer or statutory employer, is the obligation to secure the payment of compensation as prescribed by section 42–5–20. Compliance with this obligation is the *quid pro quo* exacted from the employer in exchange for immunity. Thus, a statutory employer who fails to secure the payment of compensation as prescribed by section 42–5–20 may not claim immunity under the Act. More-

over, prior to the enactment and amendment of S.C.Code § 42–1–415 (Supp.1998), the fact that the immediate employer had properly secured the payment of compensation did not remove the statutory employer's obligation under the Act. As observed by this Court in *Harrell,* the Act imposed a scheme where the owner and the immediate employer were subjected to the requirements of the Act, and the employees received "double protection." *See Long v. Atlantic Homes,* 311 S.C. 237, 428 S.E.2d 711 (1993); *Parker v. Williams and Madjanik, Inc.,* 275 S.C. 65, 267 S.E.2d 524 (1980).

Finally, we noted in *Harrell* that our conclusion on this point was supported by the enactment and subsequent amendment of S.C.Code Ann. § 42–1–415 (Supp.1998). Under section 42–1–415, as amended, a statutory employer no longer needs to secure the payment of compensation to avail itself of tort immunity under the Act, if the requirements of section 42–1–415 are met. As in *Harrell,* the important implication for this case is that prior to the passage of section 42–1–415 and its 1997 amendment, a statutory employer, in order to claim tort immunity under the Act, was required to secure the payment of compensation as prescribed by section 42–5–20. *See Vernon v. Harleysville Mut. Cas. Co.,* 244 S.C. 152, 135 S.E.2d 841 (1964) (in adopting an amendment to a statute, the legislature is presumed to have intended to make some change in existing law).

We therefore answer the certified question in the following manner: an owner, within the meaning of S.C.Code § 42–1–400, must comply with section 42–5–20 by either directly purchasing insurance to cover its potential workers' compensation liabilities or qualifying as a self-insurer before the owner may claim immunity under the Act's exclusive remedy provision.

**CERTIFIED QUESTION ANSWERED**

FINNEY, C.J., and BURNETT, J., concur.

MOORE and WALLER, JJ., dissenting in a separate opinion.

MOORE, Justice:

I respectfully dissent. As stated in my dissent in *Harrell v. Pineland Plantation*, 337 S.C. 313, 523 S.E.2d 766 (1999), I disagree with the majority's conclusion that a statutory employer must have workers' compensation insurance at the time of the injury in order to enjoy tort immunity under the Workers' Compensation Act. In my opinion, this conclusion flies in the face of some basic tenets of our workers' compensation law.

Under § 42–1–400, an "owner" is liable as a matter of law to pay workers' compensation benefits to its statutory employees. *Parker v. Williams and Madjanik, Inc.*, 275 S.C. 65, 267 S.E.2d 524, 527 (1980). A statutory employer has an absolute liability to pay workers' compensation benefits. *Long v. Atlantic Homes*, 311 S.C. 237, 428 S.E.2d 711, 713 (1993).[1] This obligation is not contingent upon whether the owner has workers' compensation insurance.

"One who has obligations under the Act enjoys the immunities under the Act." *Freeman Mechanical, Inc. v. J.W. Bateson Co.*, 316 S.C. 95, 447 S.E.2d 197, 199 (1994) (Toal, A.J.) (*citing* 2A ARTHUR LARSON, LARSON'S WORKMEN'S COMPENSATION LAW § 72.31 (1993)). The immunity granted by the Act parallels the liability imposed by the Act. *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 478 S.E.2d 91 (Ct.App.1996) (*citing Freeman, supra*). Because a statutory employer is obligated under the Act to pay workers' compensation benefits, it enjoys tort immunity under the Act irrespective of insurance. I would answer the certified question in the negative.

WALLER, J., concurs.

---

1. This absolute liability was recently modified by the enactment of S.C.Code Ann. § 42–1–415(A) (Supp.1998) which provides for a specific exemption to an owner's liability if the contractor or subcontractor has represented it has workers' compensation, unless the immediate employer is uninsured. Section 42–1–415(D) specifically provides, however, that this section shall not abrogate a statutory employer's tort immunity. Accordingly, the modification to an owner's absolute liability under this section does not impact my conclusion.