THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jesse D. Smith, Appellant,
 
 
 

v.

 
 
 
 Young’s Food Store, Inc., Respondent.
 
 
 

Appeal from Sumter County
 Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2006-UP-016
Heard December 6, 2005  Filed January 11, 2006

AFFIRMED

 
 
 
 James K. Holmes, of Charleston, for Appellant.
 F. Barron Grier, III and Lauri S. Darwin, both of Columbia, for Respondent.
 
 
 

PER CURIAM: Jesse D. Smith brought causes of action against Youngs Food Stores for negligence and gross negligence arising from injuries he sustained while performing work at a Youngs store.  The circuit court held Smith was a statutory employee whose sole remedy was under the Workers Compensation Act and dismissed the case.  Smith appeals the trial courts ruling.  We affirm.     
FACTS
Between the fall of 1998 and the fall of 2001, Smith, d/b/a J & J Smith Contracting, contracted with Youngs Food Stores to perform paint and maintenance work at Youngs stores located in the Midlands and Pee Dee regions of South Carolina.  Smith performed work on about thirty-seven Youngs stores.  Smiths work included remodeling, painting, flooring, and roofing.  During this period, Smith worked mostly . . . all for Youngs and considered the Youngs work pretty full time.  Full-time employees of Youngs, including maintenance employee Andy Smith, did some of the same work and often worked alongside Smith.  
On August 14, 2001, Smith was working at Youngs store #6.  Smith was attempting to prepare the area he was to paint when he placed his hand on a metal gable and received an electric shock.  As a result of the shock, Smith claims he suffered physical injury, pain, lost wages, medical bills, loss of consortium, and loss of enjoyment of life.  Smith brought causes of action for negligence and gross negligence against Youngs.  
At trial, Youngs moved to dismiss the case arguing Smiths action was barred by the exclusivity provision of the Workers Compensation Act because Smith qualified as a statutory employee.  Smith argued he was not a statutory employee because the work he performed was not an integral part of Youngs business.  The trial court held Smith was a statutory employee of Youngs and his exclusive remedy was through the Workers Compensation Act.  Accordingly, the trial court dismissed the action for lack of jurisdiction.  This appeal followed.
STANDARD OF REVIEW
Coverage under the Workers Compensation Act depends on the existence of an employment relationship.  Edens v. Bellini, 359 S.C. 433, 439, 597 S.E.2d 863, 866 (Ct. App. 2004).  Whether or not an employer-employee relationship exists is a jurisdictional question. Nelson v. Yellow Cab Co., 349 S.C. 589, 594, 564 S.E.2d 110, 112 (2002).  The determination of whether a worker is a statutory employee is jurisdictional and therefore the question on appeal is one of law.  Harrell v. Pineland Plantation, Ltd., 337 S.C. 313, 320, 523 S.E.2d 766, 769 (1999).  But, the exclusivity provision of the Workers Compensation Act is procedural in nature and does not involve subject matter jurisdiction.  Saab v. South Carolina State University, 350 S.C. 416, 423, 567 S.E.2d 231, 234 (2002).    
LAW/ANALYSIS
Smith argues the trial court erred in dismissing his negligence claim on the basis that the exclusivity provision of the Workers Compensation Act barred his negligence claim as he was a statutory employee of Youngs.  Smith asserts that the statutory employee portion of the Act does not apply to him because he was a subcontractor rather than an employee of a subcontractor.  This issue is not preserved for our review.  
[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).  A party may not argue one ground at trial and another on appeal.  State v. McCray, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998) (citing State v. Byram, 326 S.C. 107, 485 S.E.2d 360 (1997)).  
At trial, Smith contended he was not a statutory employee because he did not meet the criteria for determining whether a worker qualifies as a statutory employee for purposes of the Workers Compensation Act.  Smith argued the work he performed, painting a sign, was not an integral part of the business of selling soda pop, cigarettes and things like that, so the exclusively provision of the workers compensation act did not bar his negligence action.  See  Boone v. Huntington and Guerry Elec. Co.  311 S.C. 550, 553, 430 S.E.2d 507, 509 (1993); Carter v. Florentine Corp., Inc.  310 S.C. 228, 231, 423 S.E.2d 112, 113 (1992) (Three tests are applied in determining whether an employee of a subcontractor is a statutory employee of the owner: (1) is the activity an important part of the owners business; (2) is the activity a necessary, essential, integral part of the business; and (3) has the identical activity been performed by employees of the principal employer?).  On appeal Smith argues statutory employee section of the Act does not apply to him because he is the subcontractor and not an employee of the subcontractor.  Because Smith argues a different ground on appeal than he argued at trial, the issue is not preserved for appellate review.  Accordingly, the order of the trial court is 
AFFIRMED.
GOOLSBY, ANDERSON, and SHORT, JJ. concur.